IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

CHARLOTTE HUDSON,  :
   :  C.A. No: K14C-01-007 RBY
Plaintiff,  :  In and For Kent County
   :
v.  :
   :
BOSCOV'S DEPARTMENT STORE,  :
L.L.C., a limited liability company, and  :
DOVER MALL LIMITED  :
PARTNERSHIP, a Delaware limited  :
partnership,  :
   :
Defendants.  :

*Submitted: November 15, 2016*
*Decided: February 1, 2017*

*Upon Consideration of Defendants'*
*Motion for Summary Judgment*
DENIED

**ORDER**

Nicholas H. Rodriguez, Esquire, Schmittinger & Rodriguez, P.A., Dover, Delaware for Plaintiff.

Sarah M. Ennis, Esquire, Margolis Edelstein, Wilmington, Delaware for Defendant Boscov's Department Store, L.L.C.

Kevin J. Connors, Esquire, Marshall Dennehey Warner Coleman & Goggin, Wilmington, Delaware for Defendant Dover Mall Limited Partnership.

Young, J.

## SUMMARY

Dover Mall Limited Partnership and Boscov's Department Store, L.L.C. ("Defendants") filed this Motion for Summary Judgment against Charlotte Hudson ("Plaintiff") in an action in which she alleged that she was injured in a slip and fall outside of the Dover Mall Boscov's location. Because Plaintiff's negligence cannot be established at this stage of the proceeding to exceed Defendants', as a matter of law; and because the factual circumstances are insufficiently developed regarding Defendants' post-storm clearing actions to determine Defendants' relief from clearing obligations, Defendants' motion is **DENIED**.

## FACTS AND PROCEDURE

Plaintiff alleges that she was injured in a slip and fall, on ice or snow, on February 1, 2013. She asserts her alleged fall occurred outside of the Boscov's location, at the Dover Mall, at 2:14 p.m., as she was returning to her car from the mall.

On February 1, 2013, snow and freezing rain fell, throughout the day, until 1:22 p.m.[1] The storm cleared by 1:31 p.m.[2] Plaintiff was aware of the presence of snow plows and the weather conditions as she entered the mall. Defendants assert that Plaintiff took the same path back to her vehicle from the Dover Mall, and was,

---

[1] Plaintiff provides an alternative version of facts. However, Plaintiff appears to rely on Defendants' weather report for her data. Therefore, this Court is using the times from Defendants' weather report.

[2] Defendants assert in their brief that the storm cleared at 1:33 p.m. However, the weather report Defendants rely on says the storm cleared by 1:31 p.m.

therefore, aware of the alleged surface conditions as she exited the Dover Mall. However, Plaintiff contends that the alleged surface conditions were different when she exited the store. She claims that snow plows moved more snow and ice into her path, before her exit, than existed in her path during her entrance.

Plaintiff filed her Complaint on January 7, 2014. Defendant Dover Mall Limited Partnership filed the instant Motion for Summary Judgment on November 15, 2016. Defendant Boscov's Department Store, L.L.C. joined the instant Motion for Summary Judgment.

## STANDARD OF REVIEW

Summary judgment is appropriate where the record exhibits no genuine issue of material fact, and the movant is entitled to judgment as a matter of law.[3] This Court shall consider the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any" in deciding the motion.[4] The moving party bears the initial burden of demonstrating the nonexistence of material issues of fact; the burden then shifts to the nonmoving party to show that there are material issues of fact in dispute.[5] The Court views the record in the light most favorable to the nonmoving party.[6] When material facts are in dispute, or "it seems desirable to inquire more thoroughly into the facts, to

---

[3] *United Vanguard Fund, Inc. v. Takecare, Inc.*, 693 A.2d 1076, 1079 (Del. May 22, 1997).

[4] Del. Super. Ct. Civ. R. 56(c).

[5] *Fauconier v. USAA Cas. Ins. Co.*, 2010 WL 847289, at *2 (Del. Super. Mar. 1, 2010).

[6] *Moore v. Sizemore*, 405 A.2d 679, 680 (Del. Aug. 6, 1979).

clarify the application of the law to the circumstances," summary judgment will not be appropriate.[7] However, when the facts permit a reasonable person to draw but one inference, the question becomes one for decision as a matter of law.[8]

Defendants assert that either Plaintiff was more negligent than the Defendants combined or Defendants did not owe Plaintiff a duty to clear the parking lot in which the Plaintiff fell. Therefore, Defendants seek summary judgment in their favor.

## I.  COMPARATIVE NEGLIGENCE AS A MATTER OF LAW

Defendant Dover Mall claims that, as a matter of law, Plaintiff was negligent to a degree greater than 50 percent when she fell, as she alleges, on an ice patch on Defendant's commercial property. Defendant notes that Plaintiff knew that the roadway had ice, and had earlier encountered it as she walked from her vehicle to the store; and, at the time of the fall, Plaintiff was returning to her vehicle. Moreover, she was aware of the weather conditions as well as the presence of snow plows for surface clearage. Plaintiff responds that the surface conditions were not the same each time she traversed the area, because there existed more ice during her egress as a result of plowing while she was inside.

A plaintiff cannot recover in an action for negligence when the plaintiff's negligence is greater than the combined negligence of the defendants.[9]

---

[7] *Sztybel v. Walgreen*, 2011 WL 2623930, at *2 (Del. Super. June 29, 2011).

[8] *Wootten v. Kiger*, 226 A.2d 238, 239 (Del. 1967).

[9] 10 *Del. C.* § 8132.

While this decision does not prevent Defendants from moving for judgment at the close of Plaintiff's trial presentation of evidence, at this point Plaintiff cannot be said, as a matter of law, to have been more negligent than Defendants. Defendants' reference to *Trievel v. Sabo* does not control this case.[10] There, the negligence of Plaintiff was great in riding a bicycle onto a busy state highway, ignoring a "stop sign," out into perpendicular traffic, directly into the path of a truck. The contrast between the actions of the plaintiff and the defendant was extreme, leaving only the conclusion that the plaintiff was at least more than 50 percent negligent.

The same cannot be said at this juncture to have been as obvious here.

## II.  NEGLIGENCE ON THE PART OF DEFENDANT

The foregoing, of course, is academic if Defendant is not negligent or is relieved from any duty to Plaintiff.

To that effect, Defendant asserts that it cannot be found to have been negligent, because it breached no duty to Plaintiff. Any duty that might exist would come from the legal affirmative obligation of a landowner to its business invitees to keep its premises reasonably safe from danger created by the natural accumulation of snow and ice.[11] That responsibility requires only reasonable

---

[10] *Trievel v. Sabo*, 714 A.2d 742, 744-46 (Del. Aug. 3, 1998) (ruling in favor of a defendant on a judgment as a matter of law motion when the defendant hit a bicyclist who crossed a busy road into perpendicular traffic because the plaintiff was more negligent than the defendant as a matter of law).

[11] *Woods v. Prices Corner Shopping Center Merchants Assoc.*, 541A.2d 574 (Del. Super. Apr. 7, 1988).

efforts by the landowner, though that determination would typically be a quintessential jury question.

Defendant, however, does not press that issue here. In this case, Defendant relies upon the "Continuing Storm Doctrine," saying that whatever obligations exist to clear an area of the results of a storm, those obligations do not apply in this case. That is so, Defendant claims, because a landowner conducts itself in a reasonable manner, as a matter of law, by waiting until a storm has ended, and a reasonable time thereafter[12] before incurring any duty to remove ice and snow.

In the case at bar, the Plaintiff allegedly fell on an ice patch at 2:14 p.m. on February 1, 2013. The information relied upon by the parties is that snow and freezing rain had existed throughout the day on February 1 through 1:22 p.m., with a clearing of the storm for about three-quarters of an hour by the time Plaintiff fell.

Plaintiff agrees that, at the time of her fall, Defendant had snow plows already in operation.

The question, then, is whether within 40 or 50 minutes, by which time Defendant already had begun removal efforts, Defendant had exceeded a reasonable time to have cleared the portion of its property where Plaintiff fell. A landowner need not have cleared every square inch of property immediately. Hence, the requirement to provide for a clearing (which itself is undoubtedly open to some interpretation) is only to do so within a reasonable time. That would be a function of the area size to be cleared. There is, in the present material, no

---

[12] *Young v. Saroukos*, 185 A.2d 274, 282 (Del. Super. Oct. 24, 1962).

information as to that.

Accordingly, again, while a motion for directed verdict following the presentation of all of the evidence is not precluded, at this point in the proceedings, this cannot be determined on Motion for Summary Judgment.

## CONCLUSION

Because of the foregoing, Defendants' motion is **DENIED**.

**IT IS SO ORDERED**.

/s/ Robert B. Young
J.

RBY/lmc
*Via File & ServeXpress*
cc:    Counsel of Record
        Opinion Distribution