Tara TRIEVEL, Individually and as Administratrix for the Estate of Sharon Trievel, Trena Trievel, Tiffany Trievel, and M. Doris Schultz, Plaintiffs Below, Appellants,

v.

Frederick L. SABO, Sr., Defendant Below, Appellee.

No. 233, 1997.

Supreme Court of Delaware.

Submitted: May 19, 1998.
Decided: Aug. 3, 1998.

Wayne A. Marvel (argued), and James J. Maron, Maron, Marvel & Wilks, P.A., Wilmington, for appellants.

Dennis D. Ferri (argued), and Arthur D. Kuhl, Dennis D. Ferri, P.A., Wilmington, for appellee.

Before VEASEY, C.J., HOLLAND and HARTNETT, JJ.

HARTNETT, Justice.

This appeal from the Superior Court arises out of a collision between a motor vehicle and a bicycle which resulted in the death of the bicyclist, Sharon Trievel ("Trievel"). We consider whether, under Delaware's comparative negligence statute, 10 Del.C. § 8132, it was proper for the trial judge to have granted the motion of Defendant/Below–Appellee, Frederick L. Sabo, Sr., for judgment dismissing the case at the conclusion of plaintiffs' evidence, although the trial judge had indicated that there was a factual issue as to whether Sabo's negligence was a proximate cause of the accident. Because the overwhelming evidence, viewed in the light most favorable to the plaintiffs, showed that Trievel was responsible for her injuries and that no reasonable jury could have found that the causal negligence of Sabo was greater than that of Trievel, we find that the Superior Court, as a matter of law, properly granted Sabo's motion for judgment.

### Background

On October 22, 1994, a clear, warm autumn day, Trievel and her fiancé Craig Veverka were bicycling home along two-lane Route 273 to reach Trievel's home located on Route 1, a four-lane highway running in a northerly-southerly direction near Rehoboth Beach, Delaware. As they approached the intersection of Route 273 with Route 1, an intersection at which there was a blinking yellow traffic signal, they both began to reduce slowly their speed and look for oncoming traffic on Route 1. Veverka approached the intersection first. He saw an opening between oncoming vehicles on Route 1 and safely sped through the intersection.

Apparently unable to follow Veverka, Trievel stopped and stood next to her bicycle as she watched the oncoming traffic and waited for an opportunity to cross Route 1. According to several eyewitnesses, as Trievel waited to cross over Route 1, a white Lincoln approached her in the right hand lane of the northerly bound Route 1 and began to slow down for the flashing yellow light at the intersection. Possibly believing the driver of the white Lincoln was permitting her to cross, Trievel partially walked her bike into the right lane of Route 1. She then mounted her bike and pedaled into the left lane of Route 1, directly into the path of Sabo's blue pick-up truck. Trievel died as a result of this collision. Her mother, three daughters, and her estate, ("Trievel Plaintiffs"), brought this wrongful death and personal injury action.

On the third day of trial, defendant Sabo's counsel learned that their expert liability witness would be unavailable to testify because of a recent death in his family that required him to travel immediately to Poland. The expert planned to return in mid-May and would then be available to testify. Sabo's counsel also notified the trial judge that they planned to file a motion for judgment as a matter of law at the end of the Trievel Plaintiffs' case. As a result, the trial judge agreed to continue the trial until mid-May, but permitted the Trievel Plaintiffs to fully

present their case so as to permit their attorney the opportunity to fully address Sabo's upcoming motion for judgment.

On April 28, 1997, at the conclusion of the Trievel Plaintiffs' case, Sabo's counsel moved for judgment as a matter of law predicated on two issues: First, that Trievel was at least 51% at fault and therefore is precluded from recovery under the Delaware Comparative Negligence statute; second, that Sabo was not negligent in any manner that proximately caused the collision. On May 2, 1997, the Superior Court granted Sabo's motion, ruling that, as a matter of law, Trievel was at least 51% at fault.[1] The trial court, however, stated that a factual issue was presented whether Sabo was negligent in any manner proximately causing the accident. The Trievel Plaintiff's subsequently moved for a new trial and for reargument. Both applications were denied.[2] They now appeal the trial court's decision that granted Sabo's motion for judgment of dismissal as a matter of law.

### Standard and Scope of Review

■ The issue presented is whether the trial court erred in granting Sabo's motion for judgment as a matter of law at the close of plaintiffs' case pursuant to Superior Court Civil Rule 50, a question of law that this Court reviews *de novo*.[3] On review, this Court must determine "whether the evidence and all reasonable inferences that can be drawn therefrom, taken in a light most favorable to the non-moving party, raise an issue of material fact for consideration by the jury."[4] In this case, we must determine only whether Trievel's causal negligence, as a matter of law, was greater than that of Sabo, assuming that Sabo was negligent in a manner contributing to the cause of the accident.

### The Trial Court's ruling on the Motion for Judgment as a Matter of Law in a Comparative Negligence Case

Delaware's comparative negligence statute provides:

In all actions brought to recover damages for negligence which results in death or injury to person or property, the fact that the plaintiff may have been contributorily negligent shall not bar a recovery by the plaintiff or his legal representative where such negligence was not greater than the negligence of the defendant or the combined negligence of all defendants against whom recovery is sought, but any damages awarded shall be diminished in proportion to the amount of negligence attributed to the plaintiff.[5]

The Trievel Plaintiffs contend that, absent extraordinary evidence, a trial court is not permitted to determine the relative degrees of fault in a comparative negligence case because this determination impermissible infringes on the jury's function of weighing the evidence. Alternatively, they argue that, even if a determination was permissible, the trial judge did not properly view the evidence in the light most favorable to them as the non-moving parties. They rely principally on the fact that the trial judge ruled that a factual issue existed whether Sabo was negligent in a manner proximately causing the accident.

■ Pursuant to Superior Court Civil Rule 50, a trial judge may find as a matter of law that there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on an issue.[6] When presented

1. *Trievel v. Sabo*, Del.Super., C.A. No. 94C–12–213, 1997 WL 817878 (May 2, 1997) (Let.Op.).

2. *Trievel v. Sabo*, Del.Super., C.A. No. 94C–12–213, 1997 WL 817884 (May 16, 1997) (Let. Op. and Order).

3. *See Mazda Motor Corp. v. Lindahl*, Del.Supr., 706 A.2d 526, 530 (1998); *Russell v. Kanaga*, Del.Supr., 571 A.2d 724, 731 (1990).

4. *Mazda*, 706 A.2d at 530 (quoting *Farm Family Mutual Ins. Co. v. Perdue, Inc.*, Del.Supr., No. 416, 1990, at 3, Walsh, J., 1992 WL 21141 (Jan. 2, 1992)).

5. 10 Del.C. § 8132. *See Culver v. Bennett*, Del. Supr., 588 A.2d 1094, 1098 (1991).

6. Super.Ct.Civ.R. 50(a)(1) provides:
    If during a trial by jury a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue, the Court may determine the issue against the party and may grant a motion for judgment as a matter of law against that party with respect to a claim or defense that cannot under the controlling law be maintained or defeated without a favorable finding on that issue.

with a Rule 50 motion, a trial judge is under a duty to submit the factual issues to the jury for its determination if, after viewing the evidence in the light most favorable to the plaintiff, the trial judge finds that a reasonable jury could justifiably find in favor of the plaintiff.[7] When the trial judge, however, determines that, under the facts presented, no reasonable juror could find in favor of the plaintiff, the trial judge is no longer required to submit the matter to the jury. In making this factual determination, it is improper for the trial judge to weigh the facts or pass on the credibility of the witnesses .[8]

■ Generally, questions as to the existence of negligence are reserved for the trier of fact.[9] Under Delaware's former contributory negligence standard, only in rare instances, when the facts permitted reasonable persons to draw but one inference, was it appropriate for the trial court to enter judgment.[10] Similarly under a comparative negligence statute, such as 10 Del.C. § 8132, the determination of the respective degrees of negligence attributable to the parties usually presents a question of fact for the jury.[11] In rare cases, however, where the evidence requires a finding that a plaintiff's negligence exceeded that of the defendant, it is the duty of the trial court, as a matter of law, to bar recovery.[12]

■ This case is one of those rare cases. Sabo was obligated to proceed through the intersection with caution, observe the speed limit, and keep a proper lookout.[13] Trievel, on the other hand, was under a duty to exercise reasonable care for her own safety.[14] Faced with plainly visible oncoming traffic that presented a visible hazard to pedestrians and bicyclists attempting to cross Route 1, Trievel was under an affirmative obligation to see and appreciate the hazard and to proceed in a careful and intelligent manner.[15]

■ At the time of the collision, as the trial court found, Trievel was approaching from a secondary highway the busy four-lane highway intersection that had no marked crosswalk or even a natural unmarked crosswalk. She had passed through a highway "Stop" sign and a highway sign that mandated that vehicle traffic go to the right. She was proceeding toward two "Do Not Enter" signs. While she did stop to observe oncoming traffic, instead of walking her bike across Route 1, as was her habit, she mounted her bike at or near the start of the roadway and pedaled in front of an oncoming white Lincoln automobile in the right lane and then pedaled into the left passing lane of traffic, directly into the path of Sabo's oncoming vehicle, without maintaining a proper lookout or taking adequate care for her own safety. Trievel was on notice that this was a highly dangerous place to cross a heavily traveled four-lane highway, and that she was proceeding in a totally unfavored direction. Given these circumstances, a reasonable person

7. *Ebersole v. Lowengrub,* Del.Supr., 208 A.2d 495, 497–98 (1965) (a negligence cause of action arising out of a multiple car accident).

8. *Burgos v. Hickok,* Del.Supr., 695 A.2d 1141, 1144–45 (1997) (citing *McCloskey v. McKelvey,* Del.Super., 174 A.2d 691, 693 (1961)); 9 WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE, Civ.2d § 2524 (1995).

9. *Eustice v. Rupert,* Del.Supr., 460 A.2d 507, 509 (1983).

10. *Faircloth v. Rash,* Del.Supr., 317 A.2d 871 (1974).

11. 57B AM.JUR.2D *Negligence* § 1279 (1989) (citing *McDonald v. Vaughan,* 115 Ga.App. 544, 154 S.E.2d 871 (1967)).

12. 57B AM.JUR.2D *Negligence* § 1282 (1989) (citing *Junge v. Brothers,* 16 Ohio St.3d 1, 475 N.E.2d

477 (1985)); 1 BLASHFIELD AUTOMOBILE LAW AND PRACTICE, § 63.11, pp. 532–33 (3d ed.1965).

13. 21 Del.C. § 4110(a)(2); *Greyhound Lines v. Caster,* Del.Supr., 216 A.2d 689 (1966).

14. *Rhein v. Wark & Co.,* Del.Supr., 174 A.2d 132, 134 (1961).

15. *See Dammer v. Metropolitan Merchandise Mart,* Del.Supr., 217 A.2d 688, 689–90 (1966) (holding plaintiff contributorily negligent for failing to appreciate the obvious and hazardous condition created by loose stones on a walkway); *Winkler v. Delaware State Fair, Inc.,* Del.Supr., No. 231, 1991 Walsh, J., 1992 WL 53412 (Feb. 20, 1992) (ORDER) (holding that "[a] person is under the affirmative obligation to watch where he or she is walking, to exercise the sense of sight in a careful and intelligent manner, and to observe what a reasonable person would see.").

would proceed with extreme caution and exercise a great deal of discretion and reasoned judgment. As the Superior Court held: "decedent obviously should not ride out in front of an oncoming car." [16]

Despite Trievel's obvious negligence, the Trievel Plaintiffs' assert that Sabo made "a seriously negligent maneuver, changing lanes, which in some aggravated fashion caused the accident." [17] In support of this theory, the Trievel Plaintiffs' offered only two witnesses at trial: Mr. John E. Lingo, Jr., an eyewitness, and Mr. Myron Lofgren, an accident reconstruction expert. Mr. Lofgren testified that, from the length and angle of the skid marks, Sabo's truck was traveling 45 mph at the time he started to brake and was in the process of moving from the right hand lane into the left hand lane, towards the left center median, and that this change of lanes was possibly caused by a reaction to slower traffic in the right hand lane. This conclusion is, however, eroded by every eyewitness to the accident. Plaintiffs' own witness, Mr Lingo, testified that he could not emphatically say that he saw Sabo's truck move from the right hand lane to the left hand northbound lane near the intersection. He did, however, testify that Sabo's truck made a movement which was not entirely in the left-hand lane, but that this movement occurred approximately 400–500 feet before the intersection. In addition, there were three other eyewitnesses to the accident who testified that Sabo's truck was in the left hand lane immediately prior to the accident. These witnesses included Paul Dunstan, who was traveling directly behind Sabo's pickup truck at the time of the accident, and Sabo's two passengers, his son and future son-in-law.

At trial, there were seven eyewitnesses to this tragic accident, including Sabo, all of whom made contemporary statements to the police that are part of the evidence. None of these witnesses implicated Sabo in any manner. None testified that Sabo was speeding at the time of the accident. None testified that Sabo was doing anything other than traveling normally in the left hand passing lane of Route 1 heading northbound when the decedent entered his path leaving him no time to react. Even the driver of the white Lincoln, who testified for the plaintiffs, refused to fault Sabo.

Because the overwhelming evidence, viewed in the light most favorable to the Trievel Plaintiffs, can only lead to the conclusion that Trievel's negligence was greater than any negligence attributable to Sabo, we find that the Superior Court properly granted Sabo's motion for judgment as a matter of law.[18]

### Completeness of Factual Record

■ The Trievel Plaintiffs lastly contend that because the testimony of defendant Sabo and his expert, and a viewing of the scene of the accident, were not before the Court at the time the trial judge entered his ruling in favor of Sabo, the factual record was incomplete and, therefore, the trial court erred in prematurely entering judgment as a matter of law.

Superior Court Civil Rule 50 anticipates that a trial court may grant judgment as a matter of law when "a party has been fully heard on an issue." [19] In this case, the Trievel Plaintiffs were permitted to fully present their case to the jury prior to the trial judge's ruling. And, the trial judge specifically instructed the Trievel Plaintiffs to finish their liability case knowing that he would be considering Sabo's Rule 50 motion at the close of the Trievel Plaintiffs' case.[20] We, therefore, find the Trievel Plaintiffs' argument to be without merit.

16. *Trievel v. Sabo*, Del.Super., C.A. No. 94C–12–213, at 4, (May 2, 1997) (Let.Op.) (referring to plaintiffs' expert's testimony).

17. *Id.*

18. *Reuter v. Korb*, 248 Ill.App.3d 142, 186 Ill. Dec. 731, 616 N.E.2d 1363, 1370 (1993), *appeal denied*, 153 Ill.2d 569, 191 Ill.Dec. 628, 624 N.E.2d 816 (1993) (affirming lower court finding that plaintiff's own negligence was the proximate cause of his injuries despite an inference that defendant was negligent).

19. Super.Ct.Civ.R. 50.

20. *Trievel v. Sabo*, Del.Super., C.A. No. 94C–12–213, at 6, (May 2, 1997) (Let.Op.).

## Conclusion

The Superior Court judgment is therefore **AFFIRMED**.