**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

PATRICK BLACK,                 :
                                :
       Plaintiff,           :
                                  :
       v.                  :          C.A. No. S13C-04-018 RFS
                                  :
CHROMASCAPE, INC., a foreign    :
corporation, d/b/a AMERICMULCH,  :
                                  :
       Defendant.      :

## ORDER

*Upon Defendant's Motion for Summary Judgment
Based Upon Plaintiff's Contributory Negligence
Denied*

**AND NOW TO WIT,** this 9th day of August, 2016, upon consideration of Defendant's

Motion for Summary Judgment Based Upon Plaintiff's Contributory Negligence, **IT APPEARS**

**THAT:**

1.     This case arises out of Plaintiff, Patrick Black's ("Plaintiff"), allegations against

Defendant, Chromascape, Inc., a foreign corporation, d/b/a Amerimulch ("Defendant"), for

negligence and/or recklessness in failing to adequately design, manufacture, or inspect the Mega

Mite mulch-dyeing machine it sold to Plaintiff's employer. Defendant moved for summary

judgment on February 15, 2016.

2.     A motion for summary judgment pursuant to Superior Court Civil Rule 56 will be

granted when "there is no genuine issue as to any material fact and that the moving party is

entitled to a judgment as a matter of law."[1] If the movant is able to show "that the undisputed

---

[1] Super. Ct. Civ. R. 56(c).

1

facts support [its] claims or defenses, the burden shifts to the non-moving party to demonstrate that material facts remain in dispute for resolution by the ultimate fact-finder."[2] While the Court is required to view the evidence in a light most favorable to the non-moving party, "the opponent cannot create a genuine issue of material fact through bare assertions or conclusory allegations."[3] "If the record indicates that a material fact is disputed, or if further inquiry into the facts is necessary to clarify the application of the law, summary judgment will not be granted."[4]

3. Under Delaware's comparative negligence statute, which is codified at 10 *Del. C.* § 8132, a plaintiff cannot recover if he acted more negligently than the defendant. In other words, "if the plaintiff's contributory negligence is 51% or greater, it is an absolute bar to recovery according to the Delaware statute."[5] On the other hand, "if the plaintiff's contributory negligence is 50% or less, the plaintiff is permitted to recover, although the recovery is reduced proportionally."[6] Summary judgment is appropriate only after a determination that "no reasonable juror could find that the plaintiff's negligence did not exceed the defendant's."[7]

4. In support of its Motion, Defendant relies heavily on *Johnson v. Hockessin Tractor, Inc.*[8] This reliance is unavailing. *Johnson* was decided in 1980, four years before the Delaware Legislature enacted the modified comparative negligence statute.[9] At the time of the *Johnson* decision, the Delaware Supreme Court applied the common law contributory negligence doctrine. "Under Delaware's common law contributory negligence doctrine, if the plaintiff's

---

[2] *Image Hair Solutions Med. Ctr. v. Fox Television Stations*, 2016 WL 425158, at *3 (Del. Super. Jan. 29, 2016) (quoting *Gerstley v. Mayer*, 2015 WL 756981, at *3 (Del. Super. Feb. 11, 2015) (internal quotation marks omitted)).
[3] *E.I. du Pont de Nemours & Co. v. Admiral Ins. Co.*, 711 A.2d 45, 53 (Del. Super. 1995) (citing *Martin v. Nealis Motors, Inc.*, 247 A.2d 831, 833 (Del. 1968)).
[4] *Grasso v. First USA Bank*, 713 A.2d 304, 307 (Del. Super. 1998).
[5] *Baker v. East Coast Prop., Inc.*, 2011 WL 5622443, at *4 (Del. Super. Nov. 15, 2011) (quoting *Culver v. Bennett*, 558 A.2d 1094, 1099 (Del. 1994)).
[6] *Id.*
[7] *Jones v. Crawford*, 1 A.3d 299, 303 (Del. 2010).
[8] 420 A.2d 154 (Del. 1980).
[9] 10 *Del. C.* § 8132.

negligence was a proximate cause of his or her own injury, in *any* respect, that negligence was an absolute bar to the plaintiff's recovery."[10]

5.     Contrary to Defendant's contentions, the similarities between the facts in *Johnson* and the facts of the present case are of no consequence.  Before the enactment of the current comparative negligence statute, if the trial court found any negligence whatsoever on the plaintiff's part, it was "duty-bound to enter judgment as a matter of law."[11]  Now, however, if the trial court finds any negligence on the plaintiff's part, an additional determination must be made, which cannot be made as a matter of law.  That determination, of course, is proportionality, which must be made by the jury.[12]  Because of this additional step, only in rare cases will the evidence require a finding by the trial court that the plaintiff's negligence exceeded that of the defendant's.[13]

6.     Defendant also relies on *Trievel v. Sabo* and *Baker v. East Coast Properties* in support of its Motion.  Summary judgment was granted in those cases because the evidence clearly demonstrated that the plaintiffs' negligence exceeded the defendants'.[14]  Viewing the facts in a light most favorable to the non-moving party, the Court is not convinced that no reasonable juror could find that Plaintiff's negligence did not exceed Defendant's negligence. This is not one of those rare cases.

---

[10] *Culver*, 588 A.2d at 1097 (emphasis in the original).
[11] *Johnson*, 420 A.2d at 158.
[12] *Hansen v. Umtech Industriservice Und Spedition, GBmbH*, 1996 WL 622557, at *10 (D. Del. July 3, 1996).
[13] *See Trievel v. Sabo*, 714 A.2d 742, 745 (Del. 1998).
[14] *Trievel*, 714 A.2d at 745; *Baker*, 2011 WL 5622443 at *4.

**NOW, THEREFORE,** this 9th day of August, 2016, Defendant's Motion for Summary Judgment Based Upon Plaintiff's Contributory Negligence is **DENIED.**

**IT IS SO ORDERED.**

*/s/ Richard F. Stokes*

_____

The Honorable Richard F. Stokes

cc:     Prothonotary's Office
        Matthew R. Fogg, Esquire
        Debra C. Aldrich, Esquire
        Kevin J. Connors, Esquire