**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

JULIE SEBRING,          )
                      )
        Plaintiff,     )
        v.               )     C.A. No. N16C-08-039 ALR
                      )
BRIAN BROWN, Individually and   )
as Agent for BRADLEY CALDWELL, )
INC./BCI LOGISTICS, INC.      )
                      )
        Defendants.   )

Submitted: April 22, 2017
Decided: April 26, 2017

## ORDER

***Upon Defendants' Motion for Summary Judgment***
**DENIED**

This is a personal injury action arising from an automobile accident on June 24, 2014. On March 24, 2017, Defendants filed the Motion for Summary Judgment that is currently before the Court. Defendants contend that this Court should award judgment as a matter of law in favor of Defendants because Plaintiff is unable to meet her burden of proof for the essential element of causation.

The Court may grant summary judgment only where the moving party can "show that there is no genuine issue as to any material fact and that the moving

party is entitled to judgment as a matter of law."[1] The moving party bears the initial burden of proof and, once that is met, the burden shifts to the non-moving party to show that a material issue of fact exists.[2] At the motion for summary judgment phase, the Court must view the facts "in the light most favorable to the non-moving party."[3]

"Today, under Delaware's comparative negligence statute the determination of the respective degrees of negligence attributable to the parties *almost always presents a question of fact for the jury*."[4] The Court does not find that this case presents the rare exception of a negligence case that is susceptible to summary adjudication.[5] It is not this Court's role to weigh evidence or resolve factual conflicts arising from pretrial submissions.[6] Rather, "if a rational trier of fact could find any material fact that would favor the non-moving party in a determinative way . . ., summary judgment is inappropriate."[7]

---

[1] Super. Ct. Civ. R. 56(c).

[2] *Moore v. Sizemore*, 405 A.2d 679, 680–81(Del. 1979).

[3] *Brozka v. Olson*, 668 A.2d 1355, 1364 (Del. 1995).

[4] *Helm v. 206 Mass. Ave., LLC*, 107 A.3d 1074, 1081 (Del. 2014) (emphasis in original) (citing *Trievel v. Sabo*, 714 A.2d 742, 745 (Del. 1998)).

[5] *See Helm*, 107 A.3d at 1081 (citing *Trievel*, 714 A.2d at 745); *Jones v. Crawford*, 1 A.3d 299, 303 (Del. 2010); *Manerchia v. Kirkwood Fitness & Racquetball Clubs, Inc.*, 2010 WL 1114927, at *2 (Del. Mar. 25, 2010).

[6] *Cerberus Int'l, Ltd. v. Apollo Management, L.P.*, 794 A.2d 1141, 1149 (Del. 2002) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 254 (1986)).

[7] *Espinoza v. Zuckerberg*, 124 A.3d 47, 53 (Del. Ch. 2015) (omission in original) (quoting *Cerberus Int'l, Ltd.*, 794 A.2d at 1150). *See also Buchanan v. TD Bank, N.A.*, 2016 WL 3621102, at *2 (Del. Super. June 28, 2016) (noting that summary

Upon consideration of Defendants' Motion and Plaintiff's opposition thereto; the facts, arguments, and legal authorities set forth by the parties; the Superior Court Civil Rules; and the entire record in this case, the Court hereby finds that, viewing the evidence and drawing all reasonable inferences in a light most favorable to the non-moving party, there are genuine issues of material fact in dispute. Accordingly, judgment as a matter of law is inappropriate.

**NOW, THEREFORE, this 26th day of April, 2017, Defendants' Motion for Summary Judgment is hereby DENIED.**

**IT IS SO ORDERED.**

*Andrea L. Rocanelli*

_____

**The Honorable Andrea L. Rocanelli**

---

judgment is rare in negligence actions "because the movant must show 'not only that there are no conflicts in the factual contentions of the parties but that, also, the only reasonable inference to be drawn from the contested facts are adverse to the plaintiff.'") (quoting *Watson v. Shellhorn & Hill, Inc.*, 221 A.2d 506, 508 (Del. 1966))); *Rowe v. Estate of McGrory*, 2013 WL 2296076, at *2 (Del. Super. Apr. 12, 2013) (emphasis and alteration in original) ("Moreover, 'if it appears [to the Court] that there is *any reasonable hypothesis* by which the non-moving party might recover,' the motion will be denied.") (quoting *Nationwide Mut. Ins. Co. v. Flagg*, 789 A.2d 586, 591–92 (Del. Super. 2001))).