# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

CHARMAINE HAWKES,      )
     )
     Plaintiff,      )
     )
     v.      )
     )      C.A. No. N14C-06-105 CLS
CHRISTIANA HEALTH SYSTEM,      )
INC.      )
     )
     Defendant.      )
     )
     )

Date Submitted:  February 27, 2017
Date Decided: May 31, 2017

On Defendant Christiana Care Heath Services, Inc.'s
Motion for Summary Judgment.  **DENIED**.

This 31st day of May, 2017, upon consideration of Christiana Care Health Services, Inc.'s ("Defendant") Motion for Summary Judgment, and Charmaine Hawkes' ("Plaintiff") Response, it appears to the Court that:

1. On August 10, 2013[1] Plaintiff was a visitor at Christiana Hospital located on Ogletown Stanton Road, Newark, Delaware.

---

[1] Plaintiff's Response to the Motion for Summary Judgment states that the accident occurred on August 10, 2015, but it appears from the dates of the pleadings that the date of the incident was on or about August 10, 2013.

2. While walking towards the elevators, Plaintiff alleges she slipped and fell on ice cream and sustained injuries.

3. At the time of the incident, a yellow cone was erected around the ice cream spill in question. Plaintiff contends that she slipped on the ice cream because the ice cream seeped out from the yellow warning cone.

4. Plaintiff's filed a Complaint on June 11, 2014, alleging that the slip and fall on the ice cream was caused by Defendant's negligence and/or Defendant's agents and/or employees.

5. On June 15, 2016, Defendant filed a Motion for Summary Judgment. Defendant argues that summary judgment is appropriate because Plaintiff failed to establish a *prima facie* case of negligence against Defendant, and Plaintiff was comparatively negligent which bars recovery as a matter of law.

6. "Owners and occupiers of commercial property have a duty to maintain their premises in a reasonably safe condition for their customers, who qualify as business invitees under Delaware's premises liability common law."[2] Along the same lines, "patrons must also exercise reasonable care: they have an

---

[2] *Talmo v. Union Park Automotive,* 2012 WL 730332, at *2 (Del. Mar. 7, 2012)(citing *DiOssi v. Maroney,* 548 A.2d 1361, 1366-67 (Del. 1988)).

affirmative obligation to 'exercise the sense of sight in a careful and intelligent manner to observe what a reasonable person would see'."[3]

7. In this action, the "plaintiff-customer bears the burden of proving that: (i) there was an unsafe condition on the defendant's premises; (ii) the unsafe condition caused the plaintiff's injuries; and (iii) the defendant had notice of the unsafe condition or should have discovered it by a reasonable inspection."[4]

8. Granting summary judgment is "rare in a negligence action because the moving party must demonstrate not only that there are no conflicts in the factual contentions of the parties but that, also, the only reasonable inferences to be drawn from the uncontested facts are adverse to the plaintiff."[5]

9. Defendant's argument is twofold. First, Defendant contends that they warned patrons of the ice cream hazard because there was a yellow warning cone, which was open and obvious to Plaintiff. Second, Defendant argues that Plaintiff has not met her burden in a prima facie negligence case.

10. The Court is persuaded that genuine issues of material fact exist and summary judgment is inappropriate. It seems undisputed that there was a

---

[3] *Id.* (citations omitted).

[4] *Id.*

[5] *Dilks v. Morris*, 2005 WL 445530, at *1 (Del. Super. Feb. 25, 2005)(quotations omitted); *see also Upshur v. Bodie's Dairy Mkt.,* 2003 WL 21999598, at *3 (Del. Super. Jan. 22, 2003)("Generally, summary judgment is inappropriate for negligence actions.").

yellow warning cone somewhere in the vicinity of the ice cream spill. The exact location in relation to the ice cream is disputed.

11. Defendant argues that there is no evidence suggesting that the ice cream was on the floor for an unreasonable amount of time. Additionally, that the erect yellow warning cone is sufficient to satisfy their duty to warn, and a person exercising reasonable care would have noticed the warning cone and the ice cream spill. Defendant cites to an Ohio Court of Appeals case stating that "[c]ourts have held that the placement of a warning cone in front of a store where it could be seen by incoming customers is sufficient to show that the store complied with the duty of ordinary care." Defendant contends that because Plaintiff noticed this sign, and ignored the sign, she was comparatively negligent as a matter of law.

12. Plaintiff contends that although Defendant identified the hazard, they left the hazard for a long enough period of time that the ice cream melted out from under the warning cone and into a "four to six inch puddle that Plaintiff encountered before she reached the cone."

13. First, "a mere warning of a known danger is insufficient for the landowner to fulfill his duty to the business invitee."[6] Although it seems from the facts

---

[6] *Dilks*, 2005 WL 445530, at *2; *see Boubaris v. Hale, Inc.,* 1996 WL 658821, at *2 (Del. Super. Oct. 22, 1996)("A warning gives the invitee knowledge of the danger, but the invitee may still

that Defendant had notice of the hazard, and Defendant erected a yellow warning cone, the Court is satisfied that Plaintiff created an issue of fact as to whether the ice cream spill was left for an unreasonable time. Thus, an issue of fact exists regarding duty to warn and assumption of risk. Further, and more importantly, whether Plaintiff was negligent, or more negligent than Defendant, is an issue for the fact finder.[7]

For the foregoing reasons, Defendant Christiana Care Health Services Inc.'s Motion for Summary Judgment is **DENIED**.

**IT IS SO ORDERED.**

**/s/ Calvin L. Scott**
**Judge Calvin L. Scott, Jr.**

---

claim for injuries resulting from the harm of the dangerous conditions. Thus, a landowner may not fulfill his duty by merely warning the business invitee of the danger.").
[7] "The determination of the respective degrees of negligence attributable to the parties usually presents a question of fact for the jury." *Trievel v. Sabo*, 714 A.2d 742, 745 (Del. 1998)(citations omitted).