IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

PAMELA ENGLISH,　　　　　　　　:
　　　　　　　　　　　　　　　　　:　　C.A. No. K16C-08-019 WLW
　　　　　　　Plaintiff,　　　　　:
　　　　　　　　　　　　　　　　　:
　　　v.　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　:
LAUREN NICOLE COLE,　　　　　　 :
　　　　　　　　　　　　　　　　　:
　　　　　　　Defendant.　　　　　:

Submitted: August 14, 2018
Decided: August 24, 2018

## ORDER

Upon Defendant's Motion for Summary Judgment.
*Denied.*

Timothy A. Dillon, Esquire and Jason D. Warren, Esquire of McCann & Wall, LLC, Wilmington, Delaware; attorneys for the Plaintiff.

Michael K. DeSantis, Esquire of the Law Office of Dawn L. Becker, Wilmington, Delaware; attorney for the Defendant.

WITHAM, R.J.

Upon consideration of the Motion for Summary Judgment filed by the Defendant, Lauren Nicole Cole, the opposition of the Plaintiff, Pamela English, and the record of the case, it appears that:

1. On February 6, 2015,[1] a collision occurred at the intersection of Fords Corner Road and Everetts Corner Road in Harley, Delaware. Viewing the facts in the light most favorable to the non-moving party, as the Court must on a motion for summary judgment, it appears that on the date of the collision, the Defendant was traveling on Everetts Corner Road with a passenger, Jessica Wilson. As the Defendant and Ms. Wilson proceeded along the roadway, they eventually approached the road's intersection with Fords Corner Road. Stop signs face Fords Corner Road, making it the inferior road, with Everetts Corner Road being a through road.[2]

---

[1] The Court notes a discrepancy, regarding the date of the collision, between the Defendant's Motion for Summary Judgment and the Complaint filed in this matter. The Defendant's Motion alleges that a collision occurred on February 5, 2016, whereas the Complaint alleges that a collision occurred on February 6, 2015. The Court has reviewed deposition testimony and the Pre-trial Stipulation in this matter, both of which establish that a collision occurred on February 6, 2015. Therefore, despite the error in the Defendant's Motion for Summary Judgment, this date is the date set forth in the Court's decision.

[2] The inferior, or subordinate, road refers to one controlled by a traffic signal, which gives cars on an adjoining road the right-of-way. See 21 *Del. C.* § 4164, providing that:

> (a) Except when directed to proceed by police officers or traffic-control devices, every driver of a vehicle approaching a stop intersection indicated by a stop sign shall stop at a marked stop line, but if none, before entering the crosswalk on the near side of the intersection or if none, then at the point nearest the intersecting roadway where the driver has a view of approaching traffic on the intersecting roadway before entering the intersection.

2. The Defendant, in her deposition testimony, indicated that she was traveling at the speed limit of fifty-miles-per-hour on Everetts Corner Road prior to the collision, and that she had seen a road sign establishing that speed limit. Ms. Wilson, in her deposition testimony, indicated that both women noticed the Plaintiff's vehicle stopped at the stop sign facing Fords Corner Road. Ms. Wilson estimated that the Defendant's vehicle was approximately 400 feet away from the intersection, or a distance of "three houses," when Ms. Wilson "went to say something to [the Defendant, but the Defendant] said, 'I see.'" The Defendant slowed her vehicle slightly. Then, the Plaintiff's vehicle began "inching a little bit" before coming to a stop again. Ms. Wilson assumed the Plaintiff's conduct meant that she had seen the Defendant's vehicle and intended to remain stopped. Finally, as the Defendant continued toward the intersection, the Plaintiff suddenly "gunned" it into the roadway, striking the side of the Defendant's vehicle. The Defendant stated that she was unable to swerve or avoid the collision.

3. The Defendant, in essence, contends that there is no evidence that she contributed to the accident; that since she had the right-of-way, she was not negligent; and that she had no duty to anticipate the Plaintiff's negligence.

4. The Plaintiff, in essence, contends that a driver on a favored road can still

---

(b) The operator of any vehicle who has come to a full stop as provided in subsection (a) of this section shall yield the right-of-way to any vehicle or pedestrian in the intersection or to any vehicle approaching on another roadway so closely as to constitute an immediate hazard and shall not enter into, upon or across such roadway or highway until such movement can be made in safety.

3

be found to have been negligent; that a driver must maintain a proper lookout or reduce his speed upon some warning of danger regardless of who has the right-of-way; and that the Defendant negligently entered the intersection after observing the Plaintiff's vehicle from a distance of approximately 400 feet.

5. Summary judgment should be granted when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law.[3] The moving party bears the burden of establishing the non-existence of material issues of fact.[4] If a motion is properly supported, the burden shifts to the non-moving party to establish the existence of material issues of fact.[5] In considering the motion, the facts must be viewed in the light most favorable to the non-moving party.[6] Thus, the Court must accept all undisputed factual assertions and accept the non-movant's version of any disputed facts.[7] Summary judgment is inappropriate "when the record reasonably indicates that a material fact is in dispute or if it seems desirable to inquire more thoroughly into the facts in order to clarify the application of law to the circumstances."[8]

---

[3] Super. Ct. Civ. R. 56(c).

[4] *Gray v. Allstate Ins. Co.*, 2007 WL 1334563, at *1 (Del. Super. May 2, 2007).

[5] *Id.*

[6] *Pierce v. Int'l Ins. Co. Of Ill.*, 671 A.2d 1361, 1363 (Del. 1996).

[7] *Merrill v. Crothall-American, Inc.*, 606 A.2d 96, 99-100 (Del. 1992).

[8] *Mumford & Miller Concrete, Inc. v. New Castle County*, 2007 WL 404771, at *4 (Del. Super. Jan. 31, 2007).

6. Negligence cases do not readily lend themselves to summary judgment. In *Ebersole v. Lowengrub*, the Delaware Supreme Court reiterated this stating that, "[g]enerally speaking, issues of negligence are not susceptible of summary adjudication. It is only when the moving party establishes the absence of any material fact respecting negligence that summary judgment may be entered."[9] The Court also noted similar difficulties with proximate cause saying, "questions of proximate cause except in rare cases are questions of fact ordinarily to be submitted to the jury for decision."[10] In addition, when comparative negligence is part of the case "the determination of the respective degrees of negligence attributable to the parties usually presents a question of fact for the jury."[11] "The time for settling factual disputes in negligence, proximate cause or comparative negligence issues is at trial by the trier of fact, not in a summary judgment motion."[12]

7. Moving to the merits of the parties' arguments, the Court finds that *Williams v. Chittick*[13] is persuasive. In that case, a vehicle driven by John Kozelski had the right of way. A vehicle driven by Charles Williams should have been stopped at a stop sign. The Williams vehicle either failed to stop or failed to remain stopped and

---

[9] *Ebersole v. Lowengrub*, 180 A.2d 467, 468 (Del. 1962).

[10] *Id.*

[11] *Trievel v. Sabo*, 714 A.2d 742, 745 (Del. 1998).

[12] *Jackson v. Thompson*, 2000 WL 33115704, at *1 (Del. Super. Oct. 12, 2000).

[13] *Williams v. Chittick*, 1 Storey 122 (Del. 1958).

struck the Kozelski vehicle on the right side, causing the death of a passenger in the Kozelski vehicle. The widow of the deceased passenger filed suit against both Williams and Kozelski. At trial a directed verdict was granted to Kozelski. The directed verdict was affirmed on appeal. In the course of its opinion, the Delaware Supreme Court stated, in pertinent part, that the driver on the favored road, Kozelski, was entitled to assume that Williams would not enter the intersection until he could do so safely; that Kozelski's right to assume that Williams would not enter the intersection until he could do so safely continued until Kozelski was put on notice that Williams was entering the intersection unsafely; that absent circumstances that would place Kozelski on warning that Williams was about to enter the intersection unlawfully, he was not bound to anticipate Williams' negligence and was entitled to proceed without reducing his speed; that the driver on the favored road does have to keep such a lookout as a reasonably prudent person would do in order to discover possible danger; and that cases may arise where, under certain circumstances, the driver on the favored road may be guilty of negligence contributing to the accident, but such driver is not required to slow down in anticipation of danger which has not become apparent.

8. Here, contrary to the Defendant's assertion and in light of the principles set forth in *Williams v. Chittick*, the Court is convinced that there is a jury question on the issue of the Defendant's negligence. The question arises from Ms. Wilson's deposition testimony, viewed in the light most favorable to the Plaintiff, that the Defendant observed the Plaintiff's vehicle stopped at the stop sign facing Fords

Corner Road approximately 400 feet before the Defendant's vehicle entered the intersection.[14] The jury could find that, as a result, the Defendant should have slowed down before proceeding. But, even if the jury does not believe the mere sight of the Plaintiff's vehicle should have warned the Defendant of possible danger, there remains a question as to whether or not the Plaintiff's "inching" forward should have triggered the Defendant's duty to slow down or stop. In either instance, these questions are more appropriately left for the jury to decide. Finally, if the jury finds the Defendant's conduct negligent, questions remain as to proximate cause[15] and the apportionment of fault pursuant to Delaware's comparative negligence statute.[16]

9. In sum, as questions of fact remain, the Defendant's Motion for Summary Judgment is hereby **DENIED**.

IT IS SO ORDERED.

/s/ William L. Witham, Jr.
Resident Judge

WLW/dmh

---

[14] The Court understands that Ms. Wilson may have reduced her distance estimate later in her deposition testimony. However, as neither estimate is completely unsupported by the record, the Court must view the estimate in favor of the Plaintiff.

[15] The parties mention proximate cause but did not appear to actually address it in their briefings, so neither will the Court.

[16] 10 *Del. C.* § 8132.