# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| BRIANNA L. LUGARO, | ) | |
| | ) | C.A. No. K19C-10-034 RLG |
| Plaintiff, | ) | |
| | ) | |
| GAYNELLE V. GUERCIO, | ) | |
| | ) | |
| Defendant. | ) | |

Submitted: March 17, 2022
Decided: April 12, 2022

## MEMORANDUM OPINION AND ORDER

*Upon Defendant's Motion for Summary Judgment - DENIED.*

James M. Stiller, Jr. Esq., Schwartz & Schwartz, Attorneys At Law, P.A., Dover, Delaware. *Attorney for Plaintiff Brianna L. Lugaro.*

Arthur D. Kuhl, Esq., Reger Rizzo & Darnall LLP, Wilmington, Delaware. *Attorney for Defendant Gaynelle V. Guercio.*

**GREEN-STREETT, J.**

## I. Introduction

The instant Motion for Summary Judgment stems from a motor vehicle accident that occurred on December 20, 2017, at the intersection of Walmart Drive and Thomas Harmon Drive in Camden, Delaware. Defendant Gaynelle Guercio ("Defendant") argues that the Court should grant her Motion for Summary Judgment because Plaintiff Brianna Lugaro ("Plaintiff") "drove directly into the path of [Defendant's] plainly visible approaching vehicle" when Defendant "had the right of way."[1] Plaintiff responds that Summary Judgment is inappropriate at this juncture given the genuine issues of material fact, related to both Plaintiff's and Defendant's alleged negligence, that still exist. For the reasons that follow, Defendant's Motion for Summary Judgment is **DENIED**.

## II. Factual and Procedural Background

### A. The Accident

The accident at issue took place at the intersection of Walmart Drive and Thomas Harmon Drive (the "Intersection") in Camden, Delaware. The Intersection is controlled by three stop signs: (1) two stop signs controlling traffic travelling north and south on Walmart Drive; and (2) one stop sign controlling traffic travelling eastbound toward Route 13. Each stop sign contains a separate warning, advising

---

[1] Mot. for Summ. J. 3.

drivers that traffic from Route 13 does not stop. A median divides the easterly and westerly travelling lanes of Thomas Harmon Drive.

Traffic travelling westbound, away from Route 13, via Thomas Harmon Drive, is not controlled by a stop sign. However, there is a traffic sign indicating that the speed limit is twenty-five miles per hour. The speed limit sign is located "approximately midway" between Walmart Drive and Route 13.[2]

On December 20, 2017, at approximately 2:00 p.m., Plaintiff was driving northbound on Walmart Drive. Weather conditions were clear, and the road was dry. Plaintiff approached the Intersection, and stopped at the stop sign. The stop sign is located approximately five feet behind the Intersection's white stop line. Plaintiff then "moved up slowly to the white line," and proceeded through the Intersection.[3] Plaintiff admits that she "never fully stopped" at the white stop line.[4]

At deposition, Plaintiff testified that, as she approached the Intersection's median, she looked to her right to watch for oncoming traffic.[5] However, as she approached "midway of the median," Plaintiff focused her attention straight ahead.[6]

---

[2] Mot. for Summ. J. Ex. C, at 2.

[3] Mot. for Summ. J. Ex. B, at 125:20.

[4] Id. at 128:8-10.

[5] Id. at 146:19-24.

[6] Id. at 146:17-19; 147:1-4.

Plaintiff stated that, at all times as she crossed the Intersection, she did not see Defendant's vehicle.[7]

On or about that same time, Defendant exited Route 13 and was travelling westbound on Thomas Harmon Drive, toward the Intersection. Defendant's and Plaintiff's vehicles collided, as Plaintiff's vehicle crossed the westbound lane of Thomas Harmon Drive. Defendant struck the passenger side of Plaintiff's vehicle. Neither vehicle attempted any evasive maneuvers to avoid the collision.

### B.    The Lawsuit

Plaintiff filed the instant negligence suit on October 24, 2019. Plaintiff's Complaint alleges that Defendant acted negligently when she drove over the speed limit; failed to yield; and failed to maintain a proper lookout. Plaintiff contends that Defendant's negligence directly and proximately caused the motor vehicle accident. Defendant's Answer responds that the accident was unavoidable by Defendant. Defendant further avers that Plaintiff was comparatively negligent in a manner that both proximately caused the accident and exceeded any negligence on the part of Defendant.

Plaintiff hired John Nawn, of Fleisher Forensics, to testify as an expert on her behalf. Mr. Nawn submitted an expert report, in which he opined that: (1) Defendant was travelling approximately twenty miles over the posted speed limit as she

_____

[7] Id. at 145:9-12.

4

approached the Intersection; (2) Defendant was approximately 260 feet away when Plaintiff's vehicle entered the Intersection; and (3) given her age, vehicle speed, and distance from the Intersection, Defendant had enough stopping sight distance to bring her vehicle to a stop prior to striking Plaintiff's vehicle. Mr. Nawn further opined that "[h]ad [Defendant] been traveling at the posted speed limit on Thomas Harmon Drive, as she approached the intersection of Walmart, this incident would not have occurred."[8] Mr. Nawn's expert report has been included as an exhibit within the Record.[9]

## C. The Motion for Summary Judgment

Defendant filed this Motion for Summary Judgment on January 27, 2022. Defendant argues that summary judgment is appropriate because "[there] is no doubt that Plaintiff's negligence exceeds any possible negligence by the Defendant."[10] Specifically, Defendant contends that: (1) Plaintiff failed in her statutory obligation to remain stopped at the stop sign until it was safe to proceed; (2) Plaintiff admitted that she failed to observe Defendant's "plainly visible" vehicle as it approached the Intersection; (3) Plaintiff entered the Defendant's lane of travel and drove directly into the path of Defendant's vehicle; and (4) Defendant's vehicle had the right of

---

[8] Mot. for Summ. J. Ex. C, at 7.

[9] See generally Mot. for Summ. J. Ex. C.

[10] Mot. for Summ. J. 6.

way.[11] Defendant highlights <u>Old Guard Insurance Co. v. Hudson</u>[12] for the proposition that a defendant cannot be held liable for the injuries of a plaintiff who "dart[s] out" into the road without warning.[13] Defendant also disputes Plaintiff's expert report, asserting that there is "no valid basis for most of [Mr. Nawn's] speed and distance calculations."[14]

Plaintiff responds that summary judgment is inappropriate at this juncture given the genuine issues of material fact that still exist. Specifically, Plaintiff refutes Defendant's assertion that she "dart[ed] out" into traffic, and, instead, contends that she "cautiously" pulled into the Intersection.[15] Rather, Plaintiff counters that she "was no match for Defendant driving her vehicle in a lawless manner," and posits that Defendant's speed caused the accident.[16] Given the remaining disagreement regarding each party's degree of alleged negligence, Plaintiff argues that "there are genuine issues of material fact in dispute that must go before a jury to be decided."[17]

---

[11] <u>Id.</u> at 3.

[12] 3 A.3d 246, 250 (Del. 2010).

[13] Mot. for Summ. J. 5.

[14] <u>Id.</u> at 3.

[15] Resp. to Mot. for Summ. J. ¶ 10.

[16] <u>Id.</u>

[17] <u>Id.</u> at ¶ 19.

## III. Standard of Review

Summary judgment is appropriate only when "the pleadings, depositions, answers to interrogatories, and admissions on file . . . show that there is no genuine issue as to any material fact[,] and that the moving party is entitled to judgment as a matter of law."[18] When considering a motion for summary judgment, the Court must view the record in a light most favorable to the non-moving party.[19] However, summary judgment will be denied if it appears that a more thorough inquiry into the facts is warranted.[20] The Court must accept all undisputed factual assertions as true, and must accept the non-movant's version of any disputed facts.[21] The moving party bears the burden of establishing that no material facts are in dispute.[22]

## IV. Discussion

As an initial matter, the Court notes that negligence cases do not readily lend themselves to disposition through summary judgment.[23] This general principle can

---

[18] West v. Flonard, 2011 WL 664113, at *2 (Del. Super. Feb. 17, 2011) (alteration in original) (internal quotation marks omitted) (quoting Super. Ct. Civ. R. 56(c)).

[19] Total Care Physicians, P.A. v. O'Hara, 798 A.2d 1043, 1050 (Del. Super. 2001).

[20] Vandiest v. Santiago, 2004 WL 3030014, at *1 (Del. Super. Dec. 9, 2004).

[21] English v. Cole, 2018 WL 4062131, at *2 (Del. Super. Aug. 24, 2018) (citing Merrill v. Crothall-America, Inc., 606 A.2d 96, 99-100 (Del. 1992)).

[22] Nationwide Mut. Ins. Co. v. Flagg, 789 A.2d 586, 591 (Del. Super. 2001).

[23] See Trievel v. Sabo, 714 A.2d 742, 745 (Del. 1998) ("Generally, questions as to the existence of negligence are reserved for the trier of fact."); Ebersole v. Lowengrub, 180 A.2d 467, 469 (Del. 1962) ("Generally speaking, issues of negligence are not susceptible [to] summary adjudication."); English, 2018 WL 4062131, at *2 ("Negligence cases do not readily lend

be attributed to the fact that, in a motion for summary judgment, the movant must "show not only that there are no conflicts in the factual contentions of the parties[,] but[,] that, also, the only reasonable inference[s] to be drawn from the uncontested facts are adverse to the plaintiff."[24] Further, this Court recognizes that, when issues of comparative negligence are in dispute, "the determination of the respective degrees of negligence attributable to the parties usually presents a question of fact for the jury."[25] Only "when the facts [permit] reasonable persons to draw but one inference, [is] it appropriate for the trial court to enter judgment."[26]

Defendant contends that, as a matter of law, Plaintiff was more than fifty percent at fault for the motor vehicle collision at issue.[27] Consequently, Defendant asks this Court to bar Plaintiff's recovery. To support this contention, Defendant cites to the case of Trievel v. Sabo.[28]

---

themselves to summary judgment."); Parham v. Todaro, 2017 WL 1097150, at *2 (Del. Super. Mar. 23, 2017) (noting that summary judgment is "rare" in negligence actions).

[24] Buchanan v. TD Bank, N.A., 2016 WL 3621102, at *2 (Del. Super. June 28, 2016) (internal quotation marks omitted) (quoting Watson v. Shellhorn & Hill, Inc., 221 A.2d 506, 508 (Del. 1966)).

[25] Trievel, 714 A.2d at 745.

[26] Id.

[27] Mot. for Summ. J. 5 ("[E]ven if for the sake of argument some theoretical negligence was assumed on the Defendant, the undisputed facts, which reveal clear and admitted gross negligence of the Plaintiff far outweigh any theoretical negligence of the Defendant as a matter of law thus barring Plaintiff's claim.").

[28] 714 A.2d at 743.

In that case, a bicyclist was killed when she pulled into oncoming traffic and was struck by the defendant's truck.[29] The bicyclist's estate brought a wrongful death and personal injury action against the defendant.[30] On appeal, the Supreme Court upheld the trial court's finding that, as a matter of law, the bicyclist's negligence was greater than any negligence attributable to the defendant.[31]

However, the trial court reached this conclusion only *after* hearing testimony from seven witnesses at trial.[32] The Court noted that "[n]one of the witnesses implicated [the defendant] in any manner."[33] Specifically, there was no testimony establishing that the defendant had been speeding or otherwise driving irregularly when the accident occurred.[34] Given the absence of any evidence establishing any negligence by the defendant, the Court held that the case was one of the "rare" occasions in which the trial court had a duty to bar the plaintiff from recovery as a matter of law.[35]

---

[29] Id.

[30] Id.

[31] Id. at 746.

[32] Id.

[33] Id.

[34] Id.

[35] Id. at 745.

The instant case is substantively and procedurally distinguishable from Trievel. Here, Defendant seeks the Court's legal determination at the summary judgment stage, rather than after the Plaintiff's case in chief at trial. Accordingly, unlike Trievel, there has been no "overwhelming evidence" that would permit the Court to conclude, as a matter of law, that Plaintiff's negligence outweighed any negligence attributable to Defendant.[36] At this juncture, the Court has only the benefit of the pre-trial Record.

Further, the factual circumstances of Trievel are distinguishable from the case at bar. In Trievel, the bicyclist ignored a traffic signal and rode onto a busy state highway directly into unavoidable perpendicular traffic.[37] Thus, the Court's judgment of the bicyclist's negligence was premised on the finding that she had been "[f]aced with plainly visible oncoming traffic that presented a visible hazard to pedestrians and bicyclists attempting to cross [the road]."[38] When contrasted with the lack of any articulable negligence by the defendant, the Court was left with but one conclusion – that the plaintiff was at least more than fifty percent negligent.[39] The contrast between Defendant's and Plaintiff's behavior is not as obvious in the

---

[36] Id. at 746.

[37] Id. at 743.

[38] Id. at 745.

[39] Id.

case *sub judice*.[40] Here, the Court has been presented with evidence alleging that *both* parties were potentially negligent on the day of the accident.

The facts and procedural posture of the instant case are closer to those in English v. Cole.[41] In that case, the plaintiff's and defendant's vehicles collided at an intersection where the defendant had the right of way.[42] Prior to the collision, the defendant approached the intersection, observed the plaintiff's vehicle stopped at a stop sign, and, accordingly, slowed her own vehicle slightly.[43] Moments later, the plaintiff's vehicle began "inching a little bit" before coming to a stop again.[44] The defendant assumed the plaintiff's conduct meant that she intended to remain stopped to allow the defendant to pass through the intersection.[45] However, as the defendant proceeded through the intersection, the plaintiff suddenly "gunned it" onto the

---

[40] Hudson v. Boscov's Department Store, L.L.C., 2017 WL 443697, at *2 (Del. Super. Feb. 1, 2017) (analyzing Trievel and noting that the "contrast between the actions of the plaintiff and the defendant was extreme, leaving only the conclusion that the plaintiff was at least more than [fifty] percent negligent.").

[41] 2018 WL 4062131, at *1 (Del. Super. Aug. 24, 2018).

[42] Id.

[43] Id.

[44] Id.

[45] Id.

roadway, and struck the defendant's vehicle.[46] In the personal injury suit that followed, the defendant filed a motion for summary judgment. [47]

When analyzing the defendant's motion, this Court outlined the very standard with which this opinion commenced – "[n]egligence cases do not readily lend themselves to summary judgment."[48] Specifically, the English Court noted that, given the defendant's observation of the plaintiff's vehicle before entering the intersection, a jury could find that the defendant "should have slowed down before proceeding."[49] Further, questions remained as to whether the plaintiff's "inching" forward should have triggered the defendant's duty to slow down or stop.[50] Given the remaining factual questions as to negligence, proximate cause, and apportionment of fault under Delaware's comparative negligence statute, the Court concluded that summary judgment was inappropriate.[51]

Here, as in English, the Record contains conflicting evidence as to several material factual issues. To begin, there is dispute around the issue of speed. Plaintiff

---

[46] Id. (internal quotation marks omitted).

[47] Id.

[48] Id. at *2.

[49] Id. at *3.

[50] Id.

[51] Id.

contends that Defendant was driving her vehicle at more than twenty miles per hour over the posted speed limit. Defendant disputes this factual assertion. Defendant instead contends that Plaintiff's expert's speed calculations are inaccurate, and should not be relied upon in determining the cause of the accident. Further, the issue of Defendant's speed is relevant to Plaintiff's argument that Defendant could have and should have stopped her vehicle to avoid the collision. The determination of how fast Defendant was driving, and how that speed correlates to any applicable duty to slow down to avoid collision, is a material fact at issue in this case.

Dispute also exists concerning visibility. The parties disagree as to whether Defendant's vehicle was visible to Plaintiff when she attempted to cross the Intersection. The Defense argues that Defendant's vehicle was "plainly visible" well before Plaintiff crossed into the westbound lane on Thomas Harmon Drive.[52] In contrast, Plaintiff contends that she never saw Defendant's vehicle prior to the collision. The resolution of this issue is material to a determination of whether, and to what degree, Plaintiff should be considered to have been comparatively negligent.

At this juncture, the Court has not been presented with indisputable and conclusive evidence from which it may deduce that Plaintiff was more negligent than Defendant as a matter of law. Rather, factual determinations regarding

---

[52] Mot. for Summ. J. 2.

Defendant's speed, Defendant's ability and/or duty to slow down, and Plaintiff's visibility from the Intersection must still be made. While this decision does not prevent Defendant from moving for judgment at the close of Plaintiff's trial presentation of evidence, at this point, Plaintiff cannot be said, as a matter of law, to have been more negligent.[53]

## V.     Conclusion

After viewing the evidence and drawing all reasonable inferences in a light most favorable to the non-moving party, the Court finds that genuine issues of material fact remain. Factual issues of negligence, proximate cause, and apportionment of fault are reserved for the jury to decide. While a motion for judgment as a matter of law at a later stage is not precluded, at this point in the proceedings, the issue of negligence cannot be determined on a motion for summary judgment. Accordingly, Defendant's Motion for Summary Judgment is **DENIED**.

**IT IS SO ORDERED.**

_____
Reneta L. Green-Streett, Judge

---

[53] See Hudson, 2017 WL 443697, at *3 (denying the defendant's motion for summary judgment, but noting that a motion for judgment as a matter of law "following the presentation of all of the evidence [was] not precluded[.]").

14