IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STEWARD L. NORTHAN, JR., | § | |
| | § | No. 271, 2024 |
| Plaintiff Below, Appellant, | § | |
| | § | Court Below–the Superior |
| v. | § | Court of the State of Delaware |
| | § | |
| KELLY THOMAS and | § | C.A. No. S23C-03-006 |
| RUSSELL TRAVIS HOVATTER, | § | |
| | § | |
| Defendants Below, Appellees. | § | |
| | § | |

Submitted: February 12, 2025
Decided: March 3, 2025

Before **SEITZ**, Chief Justice; **LEGROW** and **GRIFFITHS**, Justices.

## ORDER

After careful consideration of the parties' briefs and the record on appeal, and following oral argument, it appears to the Court that:

(1)    The Superior Court held that Delaware's comparative negligence statute, 10 *Del.* C. § 8132, did not abrogate the common law defense of contributory recklessness, and that the plaintiff's decedent's conduct constituted recklessness as a matter of law. The Superior Court also ruled that this was a rare case in which the evidence required a finding as a matter of law that the plaintiff's decedent's

negligence exceeded that of the defendants. The Superior Court entered summary judgment on this alternative ground.[1]

(2) We do not address the Superior Court's holding as to contributory recklessness. We affirm on the alternative basis that no reasonable juror could conclude that the defendants were more negligent than the plaintiff's decedent. As a corollary, we do not find that defendant Thomas' actions constituted a superseding cause to plaintiff's decedent's actions.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ N. Christopher Griffiths*
Justice

---

[1] *See Northan v. Thomas*, 2024 WL 2974271, at *5 (Del. Super. Ct. June 12, 2024) (citing *Trievel v. Sabo,* 714 A.2d 742, 745-746 (Del. 1998)).