IDA M. RUMBLE, Plaintiff, v. SAMUEL R. LINGO and WARNER COMPANY, a Delaware corporation, Defendants.

(*December* 1, 1958.)

TERRY, P. J., sitting.

*Joseph H. Flanzer* for plaintiff.

*William Prickett, Jr.* (of the firm of Prickett and Prickett) for defendants.

Superior Court for New Castle County, No. 466, Civil Action, 1958.

TERRY, President Judge:

This is an action brought by Ida M. Rumble, plaintiff, against Samuel R. Lingo, individually, and Warner Company, a Delaware corporation, defendants, to recover damages for personal injuries alleged to have been sustained by the plaintiff as the result of a motor vehicle collision between an automobile operated by plaintiff and a truck owned by defendant Warner and operated by defendant Lingo, agent of Warner. The collision occurred within the intersection of Shipley and Wilson Roads, this County, on the 17th day of November, 1957.

Traffic moving north and south on Shipley Road is controlled by a stop sign at said intersection. Wilson Road running east and west is a through or favored road, the speed limit on which is forty miles per hour.

The plaintiff testified that she was operating her automobile south on Shipley Road; that when she reached the intersection of Shipley and Wilson Roads she brought her automobile to a stop; that she looked to her left (east) and did not see any traffic approaching in a westerly direction on Wilson Road; that she then looked to her right (west) and saw the defendant's truck approximately 250 feet distant being operated on Wilson Road in an easterly direction; that she concluded she had ample time to traverse the intersection in safety; that she entered into the intersection and before she was able to cross Wilson Road her automobile was struck by the defendant's truck travelling as aforesaid.

The defendant, Lingo, testified that he was operating the Warner truck in an easterly direction on Wilson Road at a speed of 32 miles per hour; that he did not see plaintiff's automobile until he was approximately 80 feet from said intersection, and that he was but 30 feet from the same when the plaintiff drove her automobile into and across said intersection in front of him; that appreciating the immediate hazard he applied his brakes and turned somewhat to the right, but was unable to stop or avoid running into the plaintiff's automobile.

Upon the conclusion of the testimony, the defendant suggested that I direct a verdict in favor of both defendants and against the plaintiff.

The motions were predicated upon the provisions of Section 4143(a) and (b) of Title 21 of the *Delaware Code* (1953).

"Section 4143. Stop signs.

"(a) Whenever a stop sign, notifying drivers to come to a full stop, has been erected by the proper State or local authorities as provided in this title, it shall be unlawful for the driver of any vehicle to fail to stop in obedience thereto.

"(b) The operator of any vehicle who has come to a full stop as provided in subsection (a) of this section, shall not enter into, upon or across, such highway or street until such movement can be made in safety."

The motions present a situation requiring the evidence to be viewed in the light most favorable to the plaintiff.

Assuming arguendo that the defendant, Lingo, was operating the truck in a negligent manner in approaching said intersection, and that such negligence on the part of Lingo could be said to be a proximate cause of said collision, yet, the plaintiff in this action cannot recover unless she herself was free from such negligence that contributed to said collision, or was a proximate cause thereof, resulting in her alleged personal injuries.

The language employed under Paragraphs (a) and (b) of Section 4143 of the *Code* aforesaid is free from ambiguity. It is clear and readily understandable. It means precisely what it says; that is, an operator of a motor vehicle in this State who in obedience to a stop sign has stopped at an intersection prior to traversing the same against a traffic flow is specifically charged under the provisions of Section 4143(b) aforesaid to refrain from negotiating the intersection until he can do so with safety, and this embraces placing the burden on said operator to main-

tain a continual viligance and such control over his vehicle that he may avoid immediate hazards of approaching traffic while crossing the favored highway. The fact that a plaintiff operator does enter an intersection and is involved in a collision within the danger area thereof with a motor vehicle travelling in the favored traffic pattern raises a conclusive presumption of contributory negligence on his part except (1) where the evidence discloses the occurrence of an unforeseeable circumstance which is beyond the control of the operator, or (2) where the plaintiff has pleaded the last clear chance doctrine and the evidence is sufficient to admit the same.

A review of the evidence in the present case does not reveal such an occurrence, nor has the plaintiff pleaded the last clear chance doctrine.

The motion of each defendant was granted. Verdicts were directed accordingly.