CLAYTON S. NEIDERMAN, Plaintiff, v. ELIZABETH SMITH, 2121 Lotus Street, Dover, Delaware, Defendant.

(*March* 30, 1964.)

LYNCH, J., sitting.

*William T. Lynam, III,* for Plaintiff.

*Ralph F. Keil* for Defendant.

Superior Court for New Castle County, No. 140, Civil Action, 1963.

LYNCH, Judge.

Plaintiff in this case sues to recover $301.33, with interest from February 20, 1961, for property damage done to his car—allegedly by the negligence of defendant—together with costs of suit.

It appears from the pleadings and the testimony presented to me that defendant was parked along the north curb of Loockerman Street in Dover, some distance from the intersection with State Street. The distance was a disputed point. The intersection is controlled by traffic lights. Loockerman Street is 39 feet wide and the speed limit is 25 m. p. h. Parking is permitted on both sides of the street. There was a flow of traffic on Loockerman Street at the time the cars collided; this flow was in each direction.

Plaintiff had been driving south on State Street and came to its intersection with Loockerman Street, intending to make a right turn into Loockerman Street. The weather was clear and the streets dry.

Defendant had been to the bank and had got into her car, preparatory to pulling away from the place where it had been parked.

Plaintiff made his right turn on a change of lights and was on Loockerman Street "just as she [defendant] started away from the curb; the tip of her left front fender came into contact with right front fender of plaintiff car", and the damages sued for thus ensued.

Title 21 *Del. C.* § 4137(a) provides, in part, as follows:

"(a)    The driver of any vehicle * * * before starting * * * or turning from a direct line, shall first see that such movement can be made in safety * * * and

whenever the operation of any other vehicle may be affected by such movement, shall give a signal * * * plainly visible to the driver of such other vehicle of the intention to make such movement."

There is a strong resemblance in the language thus used to the language of Title 21 *Del. C.* § 4143, which relates to entering into a highway where there is a STOP sign, and that section was construed by this Court in *Rumble v. Lingo,* 1 Storey 417, 51 Del. 417, 147 A.2d 511 (1959).

Then President Judge (now Chief Justice) Terry said, after examining the language used in § 4143, (147 A.2d 513) :

"The language employed under Paragraphs (a) and (b) of Section 4143 of the *Code* aforesaid is free from ambiguity. It is clear and readily understandable. It means precisely what it says; that is, *an operator of a motor vehicle* in this State who in obedience to a stop sign has stopped at an intersection prior to traversing the same against a traffic flow *is specifically charged* under the provisions of Section 4143 (b) aforesaid *to refrain from negotiating the intersection until he can do so with safety, and this embraces placing the burden on said operator to maintain a continual vigilance and such control over his vehicle that he may avoid immediate hazards of approaching traffic while crossing the favored highway. The fact that a plaintiff operator does enter an intersection and is involved in a collision within the danger area thereof with a motor vehicle travelling in the favored traffic pattern raises a conclusive presumption of contributory negligence on his part * * *."* (Emphasis supplied)

The holding of *Rumble v. Lingo* was adopted by the Supreme Court in *DiSabatino v. Ellis,* Del., 184 A.2d 469, 474 (1962), and so represents the thinking of that body in

the construction of a statute of the nature here involved.

I think such analysis, the reasoning and the result reached in *Rumble v. Lingo* should and will be adopted and applied here.

In *Capital Transit Co. v. Holloway,* 35 A.2d 649 (Mun. Ct.App.Dist.Cal.1944), a case where the facts closely resemble those appearing in the case at bar, the Court said:

"We think we should make it plain that a motorist pulling away from a parked position must be alert to recognize that automobiles, buses or other vehicles are likely to be travelling the through lanes. We hold that such through traffic has the right of way, and that such would be the law of the road even without Traffic Regulation 27A which provides: 'The driver of any vehicle intending to draw out from the curb or from any parking space shall indicate such intention by extending the hand and arm horizontally from and beyond the left side of the vehicle, *and shall not draw out in such manner as to interfere with moving traffic approaching from either direction.'* (Italics ours.)

"A different rule would, we think, produce a chaotic condition. It would make every parked vehicle a highly dangerous threat to the public safety and cast upon operators of vehicles in through traffic an unreasonable burden of care.

"We hold further that to meet the standards of ordinary care, one operating an automobile from a parked position is held to a high degree of continuing vigilance. He may not 'draw out in such manner as to interfere with moving traffic.' "

Defendant has pleaded contributory negligence but I find no facts to support such defense. Study of our

Rules of the Road and consideration of the fundamental principles of negligence do not show that plaintiff was under any kind of a duty to defendant and that he violated any duty he owned to defendant.

On the other hand, she pleaded guilty to a charge of failing to use due care and caution. She insisted at the trial that she didn't see plaintiff's motor vehicle; but it was there—right along side of her on Loockerman Street— and by the statute she was prohibited from making any "movement [such as starting or turning from a direct line, until she could determine that her movement could] be made in safety". No evidence was offered tending to show defendant gave any signal of any kind. That, coupled with her plea of guilty shows her negligence.

An order may be presented directing the entry of judgment for plaintiff and against defendant for the stipulated amount of damages, together with interest from February 20, 1961 and costs of suit.