Emma Louise **TAYLOR**, widow of George W. Taylor, and Hartford Accident & Indemnity Company, Plaintiffs,

v.

**PENNSYLVANIA RAILROAD COMPANY**, a corporation of the State of Pennsylvania, Defendant.

Civ. A. No. 2069.

United States District Court
D. Delaware.

Oct. 13, 1965.

Alfred M. Isaacs, Flanzer & Isaacs, Wilmington, Del., for plaintiffs.

Blaine T. Phillips, Berl, Potter & Anderson, Wilmington, Del., for defendant.

STEEL, District Judge.

Plaintiffs, the widow and the insurer of decedent, have sued defendant claiming that its negligence was the proximate cause of decedent's death which resulted when defendant's locomotive ran into decedent's automobile as decedent was driving it over defendant's grade crossing in Delaware.

Defendant has moved for summary judgment upon the ground, among others, that if it was negligent, plaintiffs are barred by decedent's contributory negligence.

The discussion which follows embodies facts which are undisputed and sets forth controlling principles of law.

1. Jurisdiction exists under 28 U.S.C. § 1332(a) (1).

2. Substantive questions must be determined by Delaware law and the Court should decide the motion in the same way as a Delaware Court would decide it.

3. Plaintiffs concede that at the time of the accident decedent was driving a vehicle which was subject to the safety regulations promulgated by the I.C.C., entitled Motor Carrier Regulations.[1] These regulations made it mandatory for decedent to come to a full stop not more than 50′ or less than 15′ from the nearest rail of the grade crossing. Decedent failed to come to such a stop. There were no extenuating circumstances which relieved him from doing so. 49 C.F.R. § 192.10

4. The rule applied repeatedly by the Delaware State Courts in personal injury cases is that the violation of a statute enacted for the safety of others is negligence in law or negligence *per se*. Nance v. Rees, 2 Storey 533, 52 Del. 533, 161 A.2d 795 (1960).

5. Apparently no Delaware case has discussed the effect of violation of an I.C.C. regulation made for the safety of others. Such regulations, however, have the force and effect of law. Tri-State Casualty Insurance Co. v. Loper, 204 F.2d 557, 559 (10th Cir. 1953), and were enacted to promote safety of operation, Id. at 560; 49 U.S.C. § 304. It is therefore reasonable to believe that a Delaware State Court would hold that decedent's violation of the I.C.C. Regulations constituted negligence as a matter of law, if the question should be presented to it. Exceptions to the negligence *per se* principle referred to in Rumble v. Lingo, 1 Storey 417, 51 Del. 417, 420, 147 A.2d 511, 513 (Super.Ct.1958) are without application to the facts of this case.

6. The contributory negligence of decedent (if defendant was negligent) was a proximate cause of decedent's death.

The motion for summary judgment will be granted.

---

1. Plaintiffs' Brief in Opposition to Defendant's Motion for Summary Judgment filed December 11, 1964 at p. 19.