**Doris M. WATSON, Plaintiff Below, Appellant,**

**v.**

**SHELLHORN & HILL, INC., a corporation of the State of Delaware, and Harold Burnett, Defendants Below, Appellees.**

Supreme Court of Delaware.

June 23, 1966.

Reargument Denied July 7, 1966.

Lawrence F. Hartnett, Wilmington, for appellant.

John M. Bader, Wilmington, for appellees.

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

WOLCOTT, Chief Justice.

This is an appeal from the Superior Court which entered summary judgment on motion of the defendants in a tort action for personal injuries and property damage. The record upon which summary judgment was entered consists of the pleadings and the deposition of the plaintiff taken at the instance of the defendants. In an appeal from a summary judgment entered for the defendant, we assume the facts and inferences therefrom in the light most favorable to the plaintiff. Wilson v. Tweed, Del., 209 A.2d 899.

These facts are briefly stated. On November 23, 1962, the plaintiff was driving her automobile in a westerly direction on Basin Road approaching its intersection with Airport Road. There was at the intersection of Basin Road and Airport Road a traffic light. At the time, it was late afternoon and getting on toward dusk. Some of the vehicles on the road at the time had their lights on but some did not. The plaintiff was driving with her parking lights on.

As she approached the intersection of Basin Road and Airport Road, the traffic light regulating traffic at this intersection was green for traffic moving in easterly and westerly directions. The plaintiff, proceeding westerly, intended to make a left-hand turn at the intersection of Airport Road and, accordingly, turned on her directional signal to so indicate. However, she could not make a left-hand turn immediately because of traffic moving on Basin Road in an easterly direction through the intersection. She accordingly came to a stop part way in the intersection in the west-bound lane preparatory to making a left turn. The vehicles following her on Basin Road pulled around to her right and passed.

The plaintiff waited at the intersection until several vehicles, the approach of which from the west had kept her from making a left-hand turn, cleared the intersection. She then looked up Basin Road to the west and noticed for the first time the defendant's truck approaching the intersection. At this time, the traffic light controlling traffic at the intersection was green for traffic moving easterly and westerly on Basin Road. She again looked at the light and noticed that it had turned yellow. She then noticed defendant's truck eight to ten car lengths away from the intersection and appearing to slow down preparatory to coming to a stop. At the same time the driver of the defendant's truck flashed his headlights on and then off, which the plaintiff thought to be a signal to her that she could safely turn

across the line of travel of the truck. She thereupon commenced her left-hand turn moving into the intersection and crossing in front of the defendant's truck. She had almost completed her turn off Basin Road and into Airport Road when her automobile was struck by the defendant's truck and driven off the road into the swamp, ending in about three feet or more of water. At this time the traffic light at the intersection was red against traffic moving in an easterly direction on Basin Road.

Almost at once the driver of the defendant's truck came to the plaintiff's car and opened the door on the driver's side to see if she was hurt. The driver admitted that he had hit the plaintiff's car and that the plaintiff should not worry about her car because they would get her another one. The driver of the defendant's truck also admitted to the plaintiff during this colloquy that he had signaled her with his headlights.

The foregoing factual statement is taken entirely from the plaintiff's deposition which was the only evidence before the court. The defendants offered nothing more.

We do not have before us the question of whether or not the plaintiff's deposition is sufficient to establish a *prima facie* case of negligence against the defendant's driver because at the argument on this appeal defendants' counsel expressly waived consideration of the question, but concedes for the purpose of argument that the driver was negligent and that such negligence was a proximate cause of the accident. He argues in this appeal solely that the plaintiff's own statement establishes as a matter of law that she was guilty of contributory negligence.

When a defendant moves for summary judgment, the burden is cast on him to demonstrate to a reasonable certitude that there is no issue of fact which, resolved in favor of the plaintiff, would hold the defendant liable to the plaintiff's claim. Williamson v. Wilmington Housing Authority, Del., 208 A.2d 304; Howard v. Food Fair Stores, Del., 201 A.2d 638. This test must therefore be applied to determine whether or not in the plaintiff's statement there is any issue of fact raised which could be resolved by a reasonable man in her favor and absolve her from the charge of contributory negligence entering into the accident.

In Ebersole v. Lowengrub, 4 Storey 463, 180 A.2d 467, we pointed out that, generally, issues of negligence either on the part of a defendant or of contributory negligence on the part of a plaintiff, or questions of proximate cause, are, except in rare cases, questions of fact which ordinarily should be submitted to the jury to be resolved. This, we think, applies not only to conflicting contentions of fact, but to inferences which may be drawn from admitted circumstances. It is only when a moving defendant has demonstrated not only that there are no conflicts in the factual contentions of the parties but that, also, the only reasonable inferences to be drawn from the uncontested facts are adverse to the plaintiff, that summary judgment should be entered for the defendant.

We have reviewed the deposition of the plaintiff and are of the opinion that reasonable men might well differ on the question of whether or not this plaintiff was guilty of contributory negligence under the circumstances disclosed in her deposition.

We are of this opinion because of the following circumstances. She stopped at the intersection after putting on her directional turn signal with the intention of making a left-hand turn; she waited until several vehicles moving in the opposite direction passed in front of her; she did not commence to move until the traffic light turned yellow in preparation for a red signal against easterly moving traffic on Basin Road; she noticed the defendant's truck some eight or ten lengths away from the intersection, apparently

slowing down in response to the stop signal of the traffic light; she noticed the driver of the defendant's truck turn his headlights, which had previously been off, on and then off which, to her, meant a signal from him that he would stop and she could safely cross in front of him; in reliance upon these circumstances, she commenced her turn and was struck by defendant's truck which, in order to do so, necessarily it seems, must have gone through the light which, by that time, was red against it. All of this is corroborated, if it needs corroboration, to some extent by the admissions made by defendant's truck driver to the plaintiff after the accident.

We are concerned only with the question of whether or not the plaintiff was guilty of contributory negligence and we think, if there was no showing beyond what we have recited, that reasonable men might well differ as to whether or not the plaintiff was guilty of contributory negligence in relying on the signal of the driver of the truck and the apparent coming to a stop that that vehicle was then engaged in. If she was entitled to do so, then she is guilty of no negligence. Furthermore, there may be disagreement among reasonable men on these circumstances, it seems to us, as to whether or not, assuming she was guilty of some negligence, that that negligence was a proximate cause of the accident which took place.

We express no opinion upon the related facts beyond the one that reasonable men could well differ in their inferences to be drawn from them.

Furthermore, we think it desirable all such debatable questions be resolved after trial, when all of the witnesses have been heard, and all of the surrounding circumstances established by full proof. For example, it might well be that full hearing would disclose whether or not there is any custom among motorists known to the plaintiff and to others that the blink-

ing on and off of headlights is a signal to another motorist that something can be done in safety.

In any event, we think the defendants have not shown enough in this record to demonstrate to a reasonable certitude that this plaintiff was guilty of contributory negligence and that that contributory negligence was one of the proximate causes of this accident. This being so, the defendants have failed to discharge the burden .cast upon them when they moved for summary judgment in a case based upon negligence. Ebersole v. Lowengrub, supra.

The defendants argue, of course, to the contrary and cite Rumble v. Lingo, 1 Storey 417, 147 A.2d 511. The case, we think, is not controlling in the case at bar. The *Rumble* case was a verdict directed for the defendant after a full trial. It was a case in which the plaintiff drove through a stop sign being aware of the approach of the defendant's vehicle. The verdict was directed on the ground that the plaintiff violated 21 Del.C. § 4143, pertaining to duties placed upon a motorist approaching a stop sign. Specifically, the court found that the plaintiff, Rumble, violated subsection (b) of that statute, requiring that a vehicle which has come to a stop pursuant .to a stop sign, shall not enter the intersection until such movement can be made in safety. Furthermore, there was no showing that the defendant's vehicle in the *Rumble* case was coming to a stop or had given any signal that the plaintiff could enter the intersection in safety. We think the case is clearly distinguishable.

Next, the defendants cite Nance v. Rees, 2 Storey 533, 161 A.2d 795, for the proposition that the violation of a statute enacted for the safety of others is negligence *per se* and, thus, since it is contended that this plaintiff violated 21 Del.C. § 4142, governing the actions of a motorist when a yellow light is controlling traffic, she must be held guilty of negligence *per se*.

We think, however, the *Nance* case differs from the case at bar for the reason that at bar it is not clear whether or not she commenced to proceed on the yellow light or after it had turned green for traffic moving down Airport Road, and thus had turned red against the defendant's truck. Therefore, it is not clear to a certitude that she in fact violated the statute referred to. This is a question like the question of the plaintiff's negligence which should be resolved after full trial by the jury.

The defendants also cite Stenta v. Leblang, Del., 185 A.2d 759, as authority for the proposition that the plaintiff's negligence was one of the proximate causes of this accident. First, as we have already pointed out, the plaintiff's negligence has not been established to a certitude and, consequently, we do not reach the question of proximate cause. In any event, however, the *Stenta* case does not control this case for the reason that the plaintiff in the *Stenta* case admitted that when crossing the street as a pedestrian in an unmarked crosswalk he had not kept an adequate lookout for his safety, all in violation of the pertinent statute. There is no such admission in the case at bar by this plaintiff.

We again reiterate that in our opinion all of the points raised in this appeal would more properly be submitted to a jury after a full trial. We once again point out for the future guidance of the courts and the bar that except only in the rare case may factual issues of negligence and proximate cause be satisfactorily determined upon motions for summary judgment.

Finally, the plaintiff argues that if we vacate the summary judgment entered for the defendants, we should on our own initiative order the trial court to enter summary judgment for the plaintiff on the question of liability.

We decline to do so, first, for the reasons which have led us to vacate the summary judgment entered for the defendants, and, second, because no such motion was made by the plaintiff to the court below. We will not permit new points to be raised for the first time on appeal to this Court.

The judgment below is reversed.