IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| DENISE BUCHANAN, | : | |
| | : | C.A. No: K15C-12-020 RBY |
| Plaintiff, | : | In and For Kent County |
| | : | |
| v. | : | |
| | : | |
| TD BANK, N.A., TD BANK US | : | |
| HOLDING CO., MERIT SERVICE | : | |
| SOLUTIONS, LLC, a Delaware | : | |
| Limited Liability Company, | : | |
| JT SNOW REMOVAL, INC., and | : | |
| JERRY TAYLOR, | : | |
| | : | |
| Defendants. | : | |

*Submitted: May 31, 2016*
*Decided: June 28, 2016*


*Upon Consideration of Defendants' Motion for Summary Judgment*
DENIED


**ORDER**


William D. Fletcher, Esquire, Schmittinger & Rodriguez, P.A., Dover, Delaware for Plaintiff.

Mary E. Sherlock, Esquire, Weber Gallagher Simpson Stapleton Fires, Dover, Delaware for Defendants TD Bank, N.A. and TD Bank US Holding Co.

Robert D. Cecil, Jr., Esquire, Tybout, Redfearn & Pell, Wilmington, Delaware for Defendants Merit Service Solutions, LLC, JT Snow Removal, Inc. and Jerry Taylor.

Young, J.

*Buchanan v. TD Bank, N.A., et al.*
C.A. No.: K15C-12-020 RBY
June 28, 2016

## SUMMARY

Merit Service Solutions, LLC, JT Snow Removal, Inc., Jerry Taylor, TD Bank, N.A., and TD Bank US Holding Co. (together, "Defendants") move for summary judgment in Denise Buchanan's ("Plaintiff") negligence action pursuant to Superior Court Rule of Civil Procedure 56. This matter involves Plaintiff's premises liability claim for personal injuries allegedly sustained while Plaintiff visited TD Bank in Dover, Delaware on January 10, 2014. Defendants' motion for summary judgment argues that, as a matter of law, Defendants did not fail to act reasonably in awaiting the end of a storm, since they had no duty to remove snow and ice from the premises prior to Plaintiff's alleged fall. The factual issue of whether any storm had abated *inter alia*, is not determined at this early stage. Accordingly, Defendants' motion is **DENIED**, without prejudice to refiling at the conclusion of discovery.

## FACTS AND PROCEDURE

Plaintiff alleges that on January 10, 2014, at shortly before 8:00 a.m., she was lawfully on the premises of TD Bank in Dover, Delaware. While exiting her car to use the ATM, Plaintiff indicates that she slipped on a patch of ice in the premises' parking lot. As a result, she claims to have suffered serious injuries to her head and shoulder.

Plaintiff filed suit on December 14, 2015, asserting that she was a business invitee to whom Defendants owed a duty of care reasonably to ensure that the premises were free from hazardous conditions. Plaintiff claims that Defendants breached their duty of care by failing to inspect, keep, and maintain the premises free from ice and snow on that morning. Plaintiff argues that her injury was proximately caused by Defendants' negligent maintenance of the premises.

Defendants have filed the instant motion for summary judgment, asserting that no legal duty to begin ice removal arose prior to Plaintiff's fall. In support of this position, Defendants cite to the Continuing Storm Doctrine, which provides that a landowner may wait until the end of a storm to remove snow and ice from premises.[1] Defendants argue that it was raining throughout the morning of Plaintiff's accident. Therefore, as a matter of law, Defendants requested that this Court grant summary judgment.

## STANDARD OF REVIEW

Pursuant to Superior Court Civil Rule 56, summary judgment is appropriate when there is no genuine issue of material fact so that the moving party is entitled to judgment as a matter of law.[2] "Summary judgment may not be granted if the record indicates that a material fact is in dispute, or if it seems desirable to inquire more thoroughly into the facts in order to clarify the application of the law to the circumstances."[3] The court should consider the record in the light most favorable to the non-moving party.[4] The moving party bears the burden of showing that no genuine material of fact exists.[5] In weighing a motion for summary judgment under this rule, the

---

[1] *Demby v. Delaware Racing Ass'n*, 2016 WL 399136, at *1 (Del. Super. Jan. 28, 2016); *Elder v. Dover Downs, Inc.*, 2012 WL 2553091, at *2 (Del. Super. July 2, 2012); *Cash v. E. Coast Prop. Mgmt*, 2010 WL 2336867, at *2 (Del. Super. June 8, 2010).

[2] *Tedesco v. Harris*, 2006 WL 1817086, at *1 (Del. Super. June 15, 2006).

[3] *Id.*

[4] *Id.*

[5] *Moore v. Sizemore*, 405 A.2d 679, 680 (Del. Super. 1979).

Court must examine the record, including pleadings, depositions, admissions, affidavits, answers to interrogatories, and any other product of discovery.[6]

## **DISCUSSION**

In general, the entry of summary judgment in negligence actions is a rare occurrence. This is because the movant must show "not only that there are no conflicts in the factual contentions of the parties but that, also, the only reasonable inference to be drawn from the uncontested facts are adverse to the plaintiff."[7] Several elements of a negligence action, for example, the showing of proximate cause, are "[o]rdinarily ... questions of fact to be determined by a jury."[8] In addition, "the question of whether or not a dangerous condition existed" is also a jury question, "since it depends upon the facts and circumstances of each case."[9]

However, there are instances in which the plaintiff has so completely failed to prove an essential element of her case, that Superior Court Civil Rule 56(c) "mandates the entry of summary judgment."[10] This is especially so, after plaintiff has had adequate time to conduct discovery.[11] Plaintiff asserts that such a situation is *not*

---

[6] Del. Super. Ct. Civ. R. 56(c).

[7] *Watson v. Shellhorn & Hill, Inc.*, 221 A.2d 506, 508 (Del. 1966).

[8] *Id.*

[9] *Id.*

[10] *Buckhart v. Davies*, 602 A.2d 56, 59 (Del. 1991).

[11] *Collier v. Acme Markets, Inc.*, 1995 WL 715862, at *2 (Del. Super. Nov. 16, 1995) ("[n]otwithstanding the fact that [Plaintiff] had ample opportunity to take discovery, she was unable to make a sufficient showing to establish all the essential elements of her case ... [Defendant] is entitled to the entry of summary judgment as a matter of law.").

presently before the Court.

Defendants filed a motion for summary judgment in this case less than two weeks after the Court issued its scheduling order. Although Defendants presents the argument that, under the Continuing Storm Doctrine, no duty for removal existed, Plaintiff hypothesizes outstanding questions of fact remaining regarding the weather conditions at the time and location of the accident. At this early stage of the litigation, a factual dispute exists. Reviewing Defendants' motions under the summary judgment standard, the Court finds that the factual disputes between the parties require further development through the discovery process. Therefore, summary judgment is inappropriate at this time.

## CONCLUSION

For the foregoing reasons, the Defendants' Motion for Summary Judgment is **DENIED**, without prejudice to refiling at the conclusion of relevant discovery.

**IT IS SO ORDERED**.

/s/ Robert B. Young          <br>J.

RBY/lmc
*Via File and ServeXpress*
cc:    Counsel
        Opinion Distribution