**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | |
|---|---|
| LARRY WOODY, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|     v. | ) |
| | ) |
| MINQUADALE LIQUORS, | ) |
| MINQUADALE PROPERTIES, LLC, | )    C.A. No. N15C-07-272 ALR |
| and PRAVIN PATEL, | ) |
| | ) |
|     Defendants & | ) |
|     Third-Party Plaintiffs, | ) |
| | ) |
|     v. | ) |
| | ) |
| SHARP SHOOTER SPORTS BAR, LLC | ) |
| | ) |
|     Third-Party Defendant. | ) |

Submitted: May 24, 2017
Decided: June 29, 2017

## ORDER

***Upon Third-Party Defendant's Motion for Summary Judgment***
**DENIED**

This is a personal injury case. Plaintiff Larry Woody ("Plaintiff") alleges that on February 17, 2014, Plaintiff suffered injuries from a slip-and-fall on ice on a sidewalk outside of Defendant Minquadale Liquors, a liquor store in New Castle, Delaware, owned and operated by Defendant Pravin Patel (collectively "Liquor Store"). Plaintiff alleges that the Liquor Store proximately caused Plaintiff's

1

injuries by negligently failing to maintain its premises in a reasonably safe condition.

On October 23, 2015, the Liquor Store filed a third-party Complaint against Third-Party Defendant Sharp Shooter Sports Bar, LLC ("Sharp Shooter"), a bar located adjacent to the Liquor Store. Sharp Shooter and the Liquor Store share a common wall, sidewalk, and parking lot. The common sidewalk runs from the common parking lot to the entrances of both businesses. The Liquor Store alleges that Sharp Shooter's lease agreement ("Sharp Shooter Lease") requires Sharp Shooter, not the Liquor Store, to remove ice from the sidewalk where Plaintiff fell. The Liquor Store alleges that Sharp Shooter proximately caused Plaintiff's injuries by breaching its duty as a commercial tenant to maintain the sidewalk in a safe condition as required by the Sharp Shooter Lease.

On May 8, 2017, Sharp Shooter filed the Motion for Summary Judgment that is currently before the Court. Sharp Shooter contends that there is insufficient record evidence to suggest that Sharp Shooter is responsible for the sidewalk where Plaintiff fell. Furthermore, Sharp Shooter contends that the record cannot support a finding that Sharp Shooter was negligent. Both Plaintiff and the Liquor Store oppose Sharp Shooter's Motion on the grounds that there are genuine issues of material fact as to whether Sharp Shooter's duty to maintain its premises in a

safe condition extends to the sidewalk where Plaintiff fell, and whether Sharp Shooter's negligence caused Plaintiff's injuries.

Upon consideration of the Motion for Summary Judgment filed by Sharp Shooter; Plaintiff and the Liquor Store's opposition thereto; the facts, arguments, and authorities set forth by the parties; the Superior Court Civil Rules; statutory and decisional law; and the entire record in this case, the Court hereby finds as follows:

1. The Court may grant summary judgment only where the moving party can "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."[1] The moving party bears the initial burden of proof and, once that is met, the burden shifts to the non-moving party to show that a material issue of fact exists.[2] At the motion for summary judgment phase, the Court must view the facts "in the light most favorable to the non-moving party."[3]

2. "In order to prevail in a negligence action, a plaintiff must show, by a preponderance of the evidence, that a defendant's negligent act or omission breached a duty of care owed to plaintiff in a way that proximately caused the

---

[1] Super. Ct. Civ. R. 56(c).
[2] *Moore v. Sizemore*, 405 A.2d 679, 680–81(Del. 1979).
[3] *Brozka v. Olson*, 668 A.2d 1355, 1364 (Del. 1995).

plaintiff injury."[4]   Generally, whether a defendant owes a legal duty is a threshold question of law.[5]   However, if the Court finds that the record is insufficient to make a legal determination, judgment as a matter of law is inappropriate.[6]

3.     The Court has considered lease agreements in the context of slip-and-fall cases to identify the scope of a commercial tenant's duty to maintain its premises in a safe condition.[7] In interpreting a lease agreement, clear and unambiguous terms are provided their ordinary and usual meaning.[8]   Terms are clear and unambiguous when a reasonable person would have no expectations inconsistent with the language of the agreement.[9]  In contrast, terms are ambiguous "[w]hen the provisions in controversy are fairly susceptible of different

---

[4] *Pavik v. George & Lynch, Inc.*, 2016 WL 5335792, at *3 (Del. Super. Sept. 22, 2016) (quoting *Duphily v. Del. Elec. Coop., Inc.*, 662 A.2d 821, 828 (Del. 1995)).

[5] *Helm v. 206 Mass. Ave., LLC*, 107 A.3d 1074, 1079 (Del. 2014) (citing *Fritz v. Yeager*, 790 A.2d 469, 471 (Del. 2002)).

[6] *See Laugelle v. Bell Helicopter Textron, Inc.*, 88 A.3d 110, 118 (Del. Super. 2014) ("Finally, the Court should not grant summary judgment where, 'upon an examination of all the facts, it seems desirable to inquire thoroughly into them in order to clarify the application of the law to the circumstances.'") (quoting *Ebersole v. Lowengrub*, 180 A.2d 467, 470 (Del. 1962)).

[7] *See e.g.*, *Hudson v. Boscov's Dep't Store, LLC*, 2016 WL 3876379, at *1 (Del. Super. June 22, 2016); *Boulden v. Centercap Assocs., LLC*, 2014 WL 3047947, at *2 (Del. Super. June 12, 2014); *Keating v. Best Buy Stores, L.P.*, 2013 WL 8169756, at *3 (Del. Super. Mar. 28, 2013); *Spence v. Layaou Landscaping, Inc.*, 2013 WL 6114873, at *6–7 (Del. Super. Oct. 31, 2013); *Russell v. S & S Mgmt., Inc.*, 1994 WL 149239, at *2–4 (Del. Super. Mar. 2, 1994).

[8] *La Grange Communities, LLC v. Cornell Glasgow*, LLC, 2013 WL 4816813, at *3 (Del. Sept. 9, 2013); *GMG Capital Invs., LLC v. Athenian Venture Partners I, L.P.*, 36 A.3d 776, 780 (Del. 2012).

[9] *Salamone v. Gorman,* 106 A.3d 354, 368 (Del. 2014); *Eagle Indus. Inc. v. DeVilbiss Health Care*, 702 A.2d 1228, 1232 (Del. 1997).

4

interpretations or may have two or more different meanings."[10]  If the Court determines that "reasonable minds could differ as to the contract's meaning," an issue of fact arises and judgment as a matter of law is inappropriate.[11]

4.       In this case, both Sharp Shooter and the Liquor Store have identified provisions in their respective lease agreements for the Court's consideration.  With respect to the Liquor Store's lease agreement ("Liquor Store Lease"), the Liquor Store is responsible for "all maintenance and repairs to the premises, and to pay its proportionate share for common area maintenance."[12]  However, the Liquor Store Lease does not define the terms "premises" or "common area."  With respect to the Sharp Shooter Lease, Sharp Shooter is responsible to "keep the demised premises and all improvements and fixtures in good condition, order and repair, through the term of the lease"  and "furnish and pay for . . . Clearing of ice and snow from sidewalk; sanding and/or Salting."[13]  The Sharpshooter Lease does not define the terms "premises" or "sidewalk."

5.       The Court finds that the Sharp Shooter Lease and the Liquor Store Lease are ambiguous as to which party had a duty to maintain the sidewalk where Plaintiff fell.  As to the Liquor Store Lease, the Liquor Store's responsibility to maintain and repair its "premises" and "pay its proportionate share for common

---

[10] *Salamone*, 106 A.3d at 369 (quoting *GMG Capital Invs.*, 36 A.3d at 780).
[11] *GMG Capital Invs.*, 36 A.3d at 783 (citing *Eagle Indus.*, 702 A.2d at 1232).
[12] Sharp Shooter's Mot. Summ. J., Ex. C at ¶ 4.
[13] Sharp Shooter's Mot. Summ. J., Ex. D at 1.

area maintenance" can be reasonably interpreted to impose a duty to remove ice from the common sidewalk.[14]  As to the Sharp Shooter Lease, Sharp Shooter's responsibility to "keep the demised premises . . . in good condition furnish and pay for . . . Clearing of ice and snow from sidewalk; sanding and/or Salting" can be reasonably interpreted to impose a duty to remove ice from the common sidewalk. Because there is a genuine factual dispute as to whether Sharp Shooter's duty to maintain its premises extends to the sidewalk where Plaintiff fell, summary judgment in favor of Sharp Shooter on the issue of duty is inappropriate.[15]

6.      In so ruling, the Court rejects Sharp Shooter's position that the Liquor Store lacks standing to pursue a cause of action against Sharp Shooter because the Liquor Store is not a third-party beneficiary to the Sharp Shooter Lease. The Liquor Store alleges that Sharp Shooter is a joint-tortfeasor, and the Liquor Store's claims are based on comparative negligence.  Therefore, it is not necessary for the Court to reach the question of whether the Liquor Store is a third-party beneficiary

---

[14] *See, e.g.*, *Hudson*, 2016 WL 3876379, at *2 (lease provision requiring Defendant to maintain "parking areas" determined ambiguous as to scope of Defendant's duty to clear ice from mall parking lot); *Keating*, 2013 WL 8169756, at *3 (lease provision requiring Defendant to maintain "common areas" determined ambiguous as to Defendant's duty to maintain sidewalk at entrance of Defendant's store); *Spence*, 2013 WL 6114873, at *7 (contract provision requiring snow removal from "front employee parking lot" determined ambiguous as to duty to remove snow from certain areas of shared facility).
[15] *See Hudson*, 2016 WL 3876379, at *2; *Keating*, 2013 WL 8169756, at *3.

to the Sharp Shooter Lease. The Liquor Store may proceed with its claims against Sharp Shooter as a joint-tortfeasor.[16]

7. In addition to factual issues related to Sharp Shooter's duty, the Court finds that there are genuine issues of material fact as to whether Sharp Shooter was negligent and caused Plaintiff's injuries. "Today, under Delaware's comparative negligence statute the determination of the respective degrees of negligence attributable to the parties *almost always presents a question of fact for the jury*."[17] This case does not present the rare exception of a negligence case that is susceptible to summary adjudication.[18] Rather, if a rational trier of fact could find material facts that favor the non-moving party in a determinative way, summary judgment is inappropriate.[19]

---

[16] *See Spence*, 2013 WL 6114873, at *6 (internal citations omitted).

[17] *Helm*, 107 A.3d at 1081 (emphasis in original) (citing *Trievel v. Sabo*, 714 A.2d 742, 745 (Del. 1998)).

[18] *See Helm*, 107 A.3d at 1081 (citing *Trievel*, 714 A.2d at 745); *Manerchia v. Kirkwood Fitness & Racquetball Clubs, Inc.*, 2010 WL 1114927, at *2 (Del. Mar. 25, 2010).

[19] *Espinoza v. Zuckerberg*, 124 A.3d 47, 53 (Del. Ch. 2015) (quoting *Cerberus Int'l, Ltd.*, 794 A.2d at 1150). *See also Buchanan v. TD Bank, N.A.*, 2016 WL 3621102, at *2 (Del. Super. June 28, 2016) (noting that summary judgment is rare in negligence cases "because the movant must show 'not only that there are no conflicts in the factual contentions of the parties but that, also, the only reasonable inference to be drawn from the contested facts are adverse to the plaintiff.'") (quoting *Watson v. Shellhorn & Hill, Inc.*, 221 A.2d 506, 508 (Del. 1966)); *Rowe v. Estate of McGrory*, 2013 WL 2296076, at *2 (Del. Super. Apr. 12, 2013) ("Moreover, 'if it appears [to the Court] that there is *any reasonable hypothesis* by which the non-moving party might recover,' the motion will be denied.")

8. The Court hereby finds that, when viewing the evidence and drawing all reasonable inferences in a light most favorable to the non-moving parties, a rational trier of fact could find that Sharp Shooter breached its duty as a commercial tenant by failing to clear ice from the common sidewalk, thereby causing Plaintiff's injuries. Accordingly, summary judgment is inappropriate.

**NOW, THEREFORE, this 29th day of June, 2017, Third-Party Defendant Sharp Shooter Sports Bar, LLC's Motion for Summary Judgment is hereby DENIED.**

**IT IS SO ORDERED.**

*Andrea L. Rocanelli*

_____
**The Honorable Andrea L. Rocanelli**

---

(emphasis and alteration in original) (quoting *Nationwide Mut. Ins. Co. v. Flagg*, 789 A.2d 586, 591–92 (Del. Super. 2001)).