# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

DWAYNE H. ADAMS and )
BREAKING BARRIERS, )
)
    Appellants/Defendants- )
Below, )
)
    v. )    C.A. No. N19A-12-009 ALR
)
LATAYSHA A. HARMON, )
)
    Appellee/Plaintiff- )
Below. )

Submitted: March 8, 2021
Decided: April 28, 2021

*On Appeal from the Decision of the Court of Common Pleas*
**AFFIRMED**

## ORDER

This is an appeal from the Court of Common Pleas on an Order entering judgment for Plaintiff-Below. Upon consideration of the facts, arguments, and legal authorities set forth by the parties; statutory and decisional law; and the entire record in this case, the Court hereby finds as follows:

1. Appellee/Plaintiff-Below, LaTaysha A. Harmon ("Harmon"), filed a civil lawsuit in the Justice of the Peace Court on March 10, 2017, against Appellants/Defendants-Below Dwayne H. Adams ("Adams") and Breaking

Barriers. Adams testified that he is the founder of Breaking Barriers and serves as its Chief Executive Officer ("CEO").[1]

2. In her lawsuit, Harmon alleged that (1) she had entered into a contract with Adams and Breaking Barriers on March 21, 2016; (2) Adams and Breaking Barriers breached that contract by failing to pay her for her service as Breaking Barriers' Executive Director; and (3) she was owed a balance of $26,450 on the contract. Because $26,450 exceeded its jurisdictional limit, the Justice of the Peace Court allowed Harmon to voluntarily dismiss her lawsuit and refile with the Court of Common Pleas, which she did on March 21, 2019.[2]

3. The Court of Common Pleas conducted a bench trial on December 18, 2019. After Harmon presented her evidence, Adams and Breaking Barriers moved for a directed verdict. Specifically, Adams and Breaking Barriers argued that

---

[1] The record does not include any evidence regarding the status of Breaking Barriers as a corporate entity other than the testimony of Adams which the Court below rejected as not credible. In addition, Breaking Barriers did not file a response to the Complaint; rather, Adams filed an Answer to the Complaint on his own behalf and on behalf of Breaking Barriers. However, Adams is not a lawyer and could not act in a representative capacity for Breaking Barriers if it is a separate legal entity. *See Transpolymer Indus., Inc. v. Chapel Main Corp.*, 1990 WL 168276, at *1 (Del. Sept. 18, 1990) (TABLE) (A corporation is considered an artificial or fictional entity, and not a natural person. "While a natural person may represent himself or herself in court even though he or she may not be an attorney licensed to practice, a corporation, being an artificial entity, can only act through its agents and, before a court only through an agent duly licensed to practice law.").

[2] *See Harmon v. Adams*, C.A. No. CPU4-19-001138, at 13–16, 99–101 (Del. Com. Pl. Dec. 18, 2019) (TRANSCRIPT).

2

Harmon failed to show that she contracted with Adams in his personal capacity. Accordingly, Adams argued he should be dismissed from the case. The Court of Common Pleas denied the motion.[3]

4. In a decision after trial, the Court of Common Pleas found that: (1) the lawsuit was not barred by the statute of limitations; (2) the three parties had entered into a valid contract on March 21, 2016; (3) Adams and Breaking Barriers had breached the contract by failing to pay Harmon the amount owed; and (4) Adams and Breaking Barriers owed Harmon the amount of $26,450 as retroactive salary for the period in which Harmon served as Executive Director of Breaking Barriers.[4]

5. Adams and Breaking Barriers filed an appeal in this Court, arguing that the Court of Common Pleas erred by: (1) finding that the lawsuit was not barred by the statute of limitations; (2) finding that the parties entered into a valid contract; and (3) failing to grant the Motion of Directed Verdict, which would have dismissed Adams from the case.

6. In response, Harmon argues that this Court should affirm the decision of the Court of Common Pleas.

---

[3] *Id.* at 51–52.
[4] *Harmon v. Adams*, C.A. No. CPU4-19-001138, at ¶¶ 3–7 (Del. Com. Pl. Dec. 27, 2019) (ORDER).

7.     When considering an appeal from the Court of Common Pleas, "this Court sits as an intermediate appellate court."[5]  The appellate role of this Court is limited to correcting legal error and determining whether factual findings are "sufficiently supported by the record and are the product of an orderly and logical deductive process."[6]

8.     To begin, the Court of Common Pleas properly held that Harmon's lawsuit was not barred by the applicable statute of limitations.  Under Delaware law, an action for breach of contract must be filed within three years after the cause of action accrues (i.e., three years after the breach occurs).[7]  The Court of Common Pleas found that the contract was executed on March 21, 2016, and that Adams and Breaking Barriers breached the contract sometime after that date by failing to pay the amount owed.  If the breach of contract occurred on or after March 21, 2016, because Harmon filed her lawsuit in the Court of Common Pleas on March 21, 2019, then Harmon necessarily filed her lawsuit within three years after the breach occurred.  Thus, the Court of Common Pleas correctly found that Harmon's lawsuit was not barred by the statute of limitations.

---

[5] *State v. Richards*, 1998 WL 732960, at *1 (Del. Super. May 28, 1998).
[6] *Wright v. Platinum Fin. Servs.*, 2007 WL 1850904, at *2 (Del. June 28, 2007) (TABLE).
[7] 10 *Del. C.* § 8106; *see also Levey v. Brownstone Asset Mgmt., LP*, 76 A.3d 764, 768 (Del. 2013).

9. Next, the record supports the conclusion of the Court of Common Pleas that a valid contract was executed on March 21, 2016. Under Delaware law, "a valid contract exists when (1) the parties intended that the contract would bind them, (2) the terms of the contract are sufficiently definite, and (3) the parties exchange legal consideration."[8] Here, Adams and Breaking Barriers challenge the first and second elements.

10. As for the first element, the record supports the conclusion of the Court of Common Pleas that there was a meeting of the minds to enter into a contract for past salary due and for termination of the employment relationship. As an initial matter, the Court of Common Pleas established that Adams had signed the contract. The Court reached this conclusion by comparing the signature on the contract to the signatures on the checks issued to Adams, which were offered into evidence.[9] Adams asserted the defense that he signed the contract unknowingly. To evaluate this defense, the Court of Common Pleas relied upon the March 11, 2016 interaction between Harmon and Adams, which the Court of Common Pleas found to demonstrate the prior contentious nature of their relationship. The Court of

---

[8] *Eagle Force Holdings, LLC v. Campbell*, 187 A.3d 1209, 1212–13 (Del. 2018) (internal quotation marks omitted) (quoting *Osborn ex rel. Osborn v. Kemp*, 991 A.2d 1153, 1158 (Del. 2010)).

[9] The checks are referenced as trial exhibits but are not included in the appellate record.

5

Common Pleas expressly rejected the credibility of Adams and stated that the Court did not believe that Adams signed the contract unknowingly.

11.    As for the second element, the record supports the conclusion of the Court of Common Pleas regarding the terms of the contract.  The Court of Common Pleas found that the contract was an agreement to terminate the relationship between Harmon, Adams and Breaking Barriers in exchange for receipt by Harmon of $26,450 for her prior employment services.  These terms appear on the face of the contract.  In addition, the Court of Common Pleas found that the existence of the employment relationship was supported by the evidence, including notations on checks made payable to Harmon, as well as at least one email message that Adams sent to third parties referencing Harmon as "Executive Director" of Breaking Barriers.  Thus, the Court finds that the Court of Common Pleas properly concluded that a valid contract was formed on March 21, 2016.

12.    This Court also finds that the Court of Common Pleas did not commit legal error by ruling that Adams was a party to the contract at issue and rejecting the motion for directed verdict.   Court of Common Pleas Civil Rule 50, which governs Motions for Directed Verdict, provides:

> A party who moves for a directed verdict at the close of the evidence offered by an opponent may offer evidence in the event that the motion is not granted, without having reserved the right so to do and to the

same extent as if the motion had not been made. A motion for a directed verdict shall state the specific grounds therefor.[10]

The Court of Common Pleas must view the evidence in the light most favorable to the non-moving party.[11] To find for the moving party, the Court of Common Pleas "should be convinced that there is no substantial evidence to support a verdict" for the non-moving party.[12]

13. In ruling that Adams was a party to the contract with Breaking Barriers and Harmon, the Court of Common Pleas relied on the record evidence presented, including the testimony of the witnesses. As noted previously, the Court of Common Pleas rejected the testimony of Adams as not credible. In addition, the record does not include any documentation to support the status of Breaking Barriers as a corporate entity. Moreover, Breaking Barriers does not contain one of the words required by statute to designate it as a corporation.[13] Finally, the Court of Common Pleas considered the checks that had been issued to Harmon by Adams.

---

[10] Ct. Com. Pl. Civ. R. 50(a); *see also Midland Funding, LLC v. Hanby*, 2015 WL 738060, at *3–4 (Del. Com. Pl. Feb. 23, 2015).

[11] *Midland Funding, LLC*, 2015 WL 738060, at *4 (citing *Rumble v. Lingo*, 147 A.2d 511, 513 (Del. Super. 1958)).

[12] *Id.* (citing *McCarthy v. Mayor & Council of Wilmington*, 100 A.2d 739, 740 (Del. Super. 1953)).

[13] Pursuant to Section 102, "[t]he name of the corporation . . . shall contain 1 of the words 'association,' 'company,' 'corporation,' 'club,' 'foundation,' 'fund,' 'incorporated,' 'institute,' 'society,' 'union,' 'syndicate,' or 'limited,'" or abbreviations thereof. 8 *Del. C.* § 102(a)(1)(i).

Accordingly, the finding by the Court of Common Pleas that Adams is not shielded from personal liability is supported by the record.

14.    Viewing the evidence in the light most favorable to Harmon, the Court found that Adams and Breaking Barrier had hired Harmon as Executive Director and owed her money for past services rendered.

15.    The factual findings of the Court of Common Pleas are supported by the record and are the product of an orderly and logical deductive process.  The ruling of the Court of Common Pleas to deny the motion for directed verdict and the decision after trial of the Court of Common Pleas are free from legal error.  The Court of Common Pleas did not abuse its discretion.

**NOW, THEREFORE, this 28th day of April 2021, for the reasons stated herein, the decision after trial entering judgment for Plaintiff and against Defendants by the Court of Common Pleas is hereby AFFIRMED.**

**IT IS SO ORDERED.**

*Andrea L. Rocanelli*
_____
**The Honorable Andrea L. Rocanelli**

8