# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

THE ESTATE OF,      :
JEAN-CLAUDIE ZABIE,    :
Plaintiff,        :
           :
   v.       :  C.A. No. N20C-04-006 DJB
           :
LORETTA PRAMICK,    :
Defendant.       :

Submitted:  January 19, 2023
Decided: February 21, 2023

## ORDER

*On Defendant's Motion for Summary Judgment* – DENIED

This 21st Day of February, 2023, having considered Defendant's Motion for Summary Judgment, the Plaintiff's response, oral arguments of counsel and the record in this case it appears to the Court that:

1. On April 5, 2018, Defendant Loretta Pramick (hereinafter "Defendant"), traveling north on Route 141, took an exit ramp to merge onto I-95.[1] The exit ramp involved a 270-degree loop and straightened into a merge in the left lane of I-95.[2]  As Defendant rounded the loop, she noticed Plaintiff Jean-Claude

---

[1] Def.'s Mot. Summ. J., Ex. A (hereinafter "Pramick Dep.") at 7:6—8:16, Nov. 23, 2022 (D.I. 50).

[2] *Id.* at 9:3-8.

Zabie's (hereinafter "Plaintiff") car was stopped entirely in the merge lane.[3] Defendant sped up and attempted to merge onto I-95 to avoid Plaintiff's vehicle, but a vehicle already on I-95 changed lanes and blocked her entrance.[4] Unable to safely merge onto I-95, Defendant hit her brakes, moved to the right outer-edge of the merge lane, and collided with Plaintiff's vehicle.[5]

2.     The civil action Complaint was filed on April 1, 2020, seeking recovery for the alleged injuries Plaintiff suffered from the crash.[6] In June 2020, however, Plaintiff's counsel learned that Plaintiff had passed away three months before the filing of the Complaint for reasons unrelated to the crash.[7] Ultimately, Plaintiff's Estate was established on April 28, 2022.[8] Following this development, the parties engaged in discovery, including a deposition of Defendant on October 20, 2022.[9] Defendant filed the pending motion for summary judgment on November 23, 2022.[10]

3.     To obtain summary judgment under Superior Court Civil Rule 56, the moving party bears the initial burden to demonstrate that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[11] If a moving party makes such a showing, "the burden shifts to [the] non-moving party to demonstrate that there are material issues of fact."[12] This Court will not grant summary judgment when the record evinces a "reasonable indication a

---

[3]     *Id.* at 14:13—15:4, 34:15—35:17.
[4]     *Id.* at 9:11—10:6, 24:5—26:14.
[5]     *Id.* at 17:4-15, 20:12-21.
[6]     D.I. 1.
[7]     D.I. 27.
[8]     D.I. 42.
[9]     D.I. 48.
[10]    D.I. 50.
[11]    Del. Super. Ct. Civ. R. 56(c).
[12]    *Moore v. Sizemore*, 405 A.2d 679, 681 (Del. 1979) (citing *Hurtt v. Goleburn*, 330 A.2d 134, 135 (Del. 1974).

material fact is in dispute."[13]  In addition, this Court will construe the evidence and all reasonable inferences in the light most favorable to the non-movant.[14]

4.     Unfortunately, not only did Plaintiff pass away prior to the initiation of the instant suit, but Defendant's husband – the only other known witness to this – passed away, as well.  Defendant's husband's passing was also unrelated to this crash.  Excluding Defendant, Plaintiff has been unable to identify any witness who has "direct knowledge regarding how the subject accident occurred or of [Zabie's] injuries."[15]  As a result, Defendant's deposition testimony serves as the sole factual account of events leading up to the crash.

5.     Defendant contends that Plaintiff cannot introduce any evidence contradicting Defendant's version of events and, therefore, summary judgment is appropriate.  Plaintiff raises three arguments in response: (1) a reasonable jury is unlikely to accept Defendant's "highly implausible" testimony; (2) even if accepted, Defendant's testimony raises questions of material fact; and (3) a reasonable jury could still find Defendant negligent based on her testimony.[16]

6.     Generally, questions of negligence are submitted to the jury and are inappropriate for summary judgment adjudication.[17]  "However, if there is a complete failure of proof concerning an essential element of the plaintiff's case and

---

[13]   *JPMorgan Chase Bank v. Hopkins*, 2013 WL 5200520, at *2 (Del. Super. Ct. Sept. 12, 2013) (citing *Ebersole v. Lowengrub*, 180 A.2d 467, 470 (Del. 1962)).

[14]   *Heasley v. Allstate Property & Casualty Insurance Co.*, 2022 WL 951261, at *2 (Del. Super. Ct. Mar. 28, 2022).

[15]   Def.'s Mot. Summ. J., Ex. B at Interrog. #5; *see also* Pl.'s Resp. ¶ 2, Jan. 4, 2023 (D.I. 53) ("Defendant is the only living eyewitness to the accident.").

[16]   Pl.'s Resp. ¶ 5.

[17]   *Jones v. Crawford*, 1 A.3d 299, 303 (Del. 2010) (citing *Ebersole v. Lowengrub*, 180 A.2d 467, 469 (Del. 1962)).

the uncontroverted facts compel only one conclusion, then summary judgment is warranted."[18]

7.      Defendant argues this case is akin to the facts in *Coale v. Rowlands*, [19] and thus summary judgment should be granted.  While in some ways this case analogous to *Coale v. Rowlands*, ultimately, it is distinguishable.  As discussed at length in oral argument, in *Coale*, a pedestrian was struck and killed by a pickup truck when he attempted to cross a six-lane road in an area without a traffic signal.[20] The Coale plaintiffs appealed this Court's grant of summary judgment in favor of the defendant-driver on the basis that the record contained evidence that the defendant-driver was negligent.[21]  After reviewing the record, the Delaware Supreme Court affirmed, holding under those facts there was "no basis for a finding of negligence."[22]  The *Coale* court acknowledged that issues of negligence are normally left for the jury but noted that "[s]ummary judgment is appropriate only in the rare cases where the moving party 'demonstrates not only that there are no conflicts in the factual contentions of the parties but that, also, the only reasonable

---

[18]     *Chambers v. Canal Athletic Association Inc.*, 2022 WL 103067, at \*3 (Del. Super. Ct. Jan. 11, 2022) (quoting *McLaughlin v. Dover Downs, Inc.*, 2008 WL 2943392, at \*12 (Del. Super. Ct. July 17, 2008)).

[19]     723 A.2d 395, 1998 WL 986012 (Del. Dec. 9, 1998) (TABLE).

[20]     *Id.* at \*1.

[21]     *Id.*  "Specifically, [plaintiffs] point out that [defendant] had just worked a 12-hour shift and had consumed most of a 12 ounce can of beer shortly before the accident.  In addition, [defendant] did not see [pedestrian] crossing the highway until [pedestrian] was right in front of the pickup truck." *Id.*

[22]     *Id.*

inferences to be drawn from the uncontested facts are adverse to the [non-moving party]...'"[23]

8. Here, while only one living witness remains to this crash, Plaintiff argues issues of facts remain as to the position of the Plaintiff vehicle at the time of the crash and whether Defendant was negligent in not seeing the Plaintiff vehicle at some earlier time.

9. This is different from *Coale* in that there was no question as to whether or not the decedent was negligent, the issue was whether the Defendant had a duty to anticipate another's negligence. In the case at bar, the issue of negligence is not decided and thus, a question most appropriate for the jury.

10. This ruling is not a comment on whether or not Plaintiff will ultimately succeed before a jury under this set of facts, but at this stage, summary judgment is inappropriate.

**IT IS HEREBY ORDERED,** that Defendant's Motion for Summary Judgment is **DENIED**.

Danielle J. Brennan, Judge

Cc: Clerk via File & Serve
Miika Roggio, Esquire
Shae Chasanov, Esquire

---

[23] *Id.* (quoting *Watson v. Shellhorn & Hill, Inc.*, 221 A.2d 506, 508 (Del. 1966)).